# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

DON'T TREAD ON US, LLC, a Florida limited liability company,

        Plaintiff,

v.

TWITTER, INC. a Delaware corporation,

        Defendant.

Civil Action No.: _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Twitter, Inc. ("Twitter") hereby removes this action from the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2023-001009-CA01 (the "Circuit Court Action"), to the United States District Court for the Southern District of Florida Miami Division. Removal is proper because the Court has diversity jurisdiction over this action according to Plaintiff's allegations and Twitter has satisfied all requirements for removal. Twitter states the following in support of this Notice:

1. Plaintiff Don't Tread on Us, LLC ("DTOU") initiated this action on January 20, 2023, by filing its one-count Complaint in the Circuit Court Action. A complete copy of the state court docket and all publicly available filings are attached as **Exhibit A**.

2. DTOU served Twitter through its Registered Agent CT Corporation System on February 7, 2023. A copy of the service package Twitter received is attached as **Exhibit B**.

3. DTOU sued Twitter for breach of contract, alleging Twitter improperly failed to "unsuspend" certain Twitter accounts. (Compl. ¶¶ 18, 21-26).

**DIVERSITY OF CITIZENSHIP**

4. According to the allegations in the Complaint, DTOU is "based in Miami, Florida." (Compl. ¶ 18). An online search of DTOU's business registration and articles of organization show that DTOU is a limited liability company organized under the laws of the State of Florida, with its principal place of business located in Miami, FL 33187. That address is a residential homestead property owned by Jared Beck and Elizabeth Beck, the only two authorized persons affiliated with DTOU in the company's business records. DTOU's business records and the property records for the referenced address are attached as **Composite Exhibit C.**

5. For diversity purposes, a limited liability company is a citizen of any state of which its members are a citizen. *Rolling Greens MHP, L.P. V. Comcast SCH Holdings, L.L.C.*, 374 F.2d 1020, 1022 (11th Cir. 2004). Upon information and belief, DTOU's sole members are Mr. Beck and Mrs. Beck, who are both citizens of Florida based on their domicile in Miami, Florida. DTOU is a citizen of Florida for purposes of diversity jurisdiction.

6. Twitter is a Delaware corporation with its principal place of business in San Francisco, California. (Compl. ¶ 19). Twitter is not incorporated in any state other than Delaware. Twitter is a citizen of Delaware and California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

7. Since DTOU and Twitter are citizens of different states, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a).

**AMOUNT IN CONTROVERSY**

8. Although Twitter denies that DTOU is entitled to any monetary relief whatsoever, DTOU seeks to recover over $100,000 in damages, so this case satisfies the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332(a).

9. Specifically, DTOU alleges in its Complaint that "[t]his is an action for damages and injunctive relief that exceed[s] the value of $50,000.00, exclusive of interest, court costs, and attorneys' fees. (Compl. ¶ 16).

10. In addition, DTOU selected "over $100,000.00" on the civil cover sheet it filed to estimate the amount of its claim, picking that option out of five other options, which included lower brackets of "$50,001 - $75,000" and "$75,001 - $100,000." *See* **Exhibit A at \*3.**

11. Federal courts in California have often consulted civil cover sheets to analyze amount in controversy. *See Mendenhal v. Christensen*, 16-cv-04232-JSC, 2016 WL 5339710, at \*2 (N.D. Cal. Sept. 1, 2016) (finding that civil cover sheet indicating plaintiff sought $222,684 in damages satisfied amount in controversy requirement and dismissing on other grounds); *Ceuvas v. Ford Motor Company*, 22-1520-DMG, 2022 WL 1487178, at \* 3 (C.D. Cal. May 11, 2022) (examining contents of civil cover sheet to determine whether removal was necessary and timely); *Deutche Bank Nat. Trust Co. v. Cambron*, 12-1901-EDL, 2012 WL 1712035, at \*3 (N.D. Cal. May 12, 2012) (recommending remand where the complaint stated the demand did not exceed $10,000.00 and the civil cover sheet indicated demand was $25,000 or less).[1]

12. In addition, the essence of this action concern's DTOU's complaint that Twitter committed a breach of contract when it suspended accounts associated with Jared H. Beck and Elizabeth Lee Beck, who claimed to have had a combined 30,000 followers, which they used in connection with law firm clients. (Compl. ¶ 11.)  Though Twitter denies DTOU is entitled to any

---

[1] The use of civil cover sheets by federal courts in California to analyze the amount in controversy is determinative because Twitter is moving to transfer to the Northern District of California in accordance with the mandatory forum selection clause in Twitter's user agreement and terms of service, the only operative contract associated with DTOU's alleged breach of contract claim. (Compl. ¶¶ 18, 21, 22, 26); *see Trump v. Twitter, Inc.*, 21-22441-CIV, 2021 WL 8202673, at \*2-6 (S.D. Fla. Oct. 26, 2021) (finding forum selection clause mandatory); *Zampa v. JUUL Labs, Inc.*, Case No. 18-25005-Civ, 2019 WL 1777730, at \*3-4 (S.D. Fla. Apr. 23, 2019) (considering motion to transfer before motion to remand, and noting there is no federal law or statute, or judicial decision, that requires [a] court to decide a motion to remand before it decides a motion to transfer).

monetary relief, DTOU's allegations further satisfy the amount in controversy requirement. *See e.g. PhoneDog v. Kravitz*, C 11-03474 MEJ, 2011 WL 5415612, at *10 (N.D. Cal. Nov. 8, 2011) (denying motion to dismiss for lack of jurisdiction where plaintiff had calculated damages by multiplying an alleged industry standard figure with the number of followers (17,000), and finding it was not beyond a legal certainty that the claim was for less than $75,000).

13. Based on DTOU's allegations, the amount in controversy exceeds the jurisdictional threshold. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (agreeing that defendant could rely on allegations of complaint to assess amount in controversy); *Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1039 (N.D. Cal. 2014) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability").

## **PROCEDURAL COMPLIANCE**

14. This removal is timely because Twitter has filed this Notice within 30 days after service of the Complaint. *See* 28 U.S.C. § 1446(b)(1); (Exs. A, B (reflecting service on February 7, 2023)).

15. Venue for removal is proper in this Court because the Southern District of Florida, Miami Division embraces the court where the Circuit Court Action was pending. *See* 28 U.S.C. § 1441(a).

16. Twitter has attached to this Notice copies of all process, pleadings, and orders on file in the Circuit Court Action. *See* 28 U.S.C. § 1446(a); (Exhibit A, Civil Cover Sheet, Complaint, Summons, Verified Return of Service).

17. Twitter will serve DTOU's counsel with a copy of this Notice of Removal and its exhibits by filing a copy of the Notice of Removal with the Clerk of the Miami-Dade County Circuit Court which will serve DTOU's counsel by email. *See* 28 U.S.C. § 1446(d).

## **RESERVATION OF RIGHTS**

18. By filing this Notice of Removal, Twitter does not waive any objections, defenses, obligations, or exceptions it may have as to service, jurisdiction or venue, or any other matter.

19. In making the allegations in this Notice of Removal, Twitter does not concede in any way that the allegations in the Complaint are true, that Plaintiffs have asserted claims upon which relief can be granted, or that any relief that Plaintiffs seek is authorized or appropriate.

20. Twitter reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Twitter, Inc. removes this action from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida to this Court.

Dated: March 9, 2023

Respectfully submitted,

 */s/ Joshua C. Webb*
Joshua C. Webb (FBN: 051679)
josh.webb@hwhlaw.com
val.taylor@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E Kennedy Blvd., Suite 3700
Post Office Box 2231
Tampa, Florida 33601
(813) 221-3900 (Telephone)
(813) 221-2900 (Facsimile)
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic mail this 9th day of March, 2023 to:

Jared H. Beck
Elizabeth Lee Beck
Beck & Lee Trial Lawyers
jared@beckandlee.com
elizabeth@beckandlee.com

                                             */s/ Joshua C. Webb*
                                             Attorney