UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-20943-KMM MOORE/LOUIS

DON'T TREAD ON US, LLC,

     Plaintiff,

vs.

TWITTER, INC.,

     Defendant.

_____/

**PLAINTIFF'S MOTION TO REMAND BASED ON**
**LACK OF SUBJECT-MATTER JURISDICTION AND REQUEST FOR**
**ATTORNEYS' FEES AND COSTS CAUSED BY IMPROVIDENT REMOVAL**

Plaintiff, DON'T TREAD ON US, LLC ("DTOU" or "Plaintiff"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1447, hereby files its Motion to Remand Based on Lack of Subject-Matter Jurisdiction and Request for Attorneys' Fees and Costs Caused by Improvident Removal, and as grounds in support thereof, states the following:

**MEMORANDUM OF LAW**

**Introduction**

This action was improperly removed and should therefore be remanded to the Florida state court from whence it came.  Defendant Twitter, Inc.'s ("Twitter's") Notice of Removal [D.E. 1] asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the lone basis for removal.  However, while diversity-jurisdiction removal requires the defendant to establish an amount in controversy in excess of $75,000, Twitter has wholly failed to satisfy its burden on this critical element.  This is because Twitter relies exclusively on the civil cover sheet filed with

1

the complaint in conjunction with Plaintiff's unquantified allegations of injury – an approach thoroughly rejected within the Eleventh Circuit.  *See Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752-BLOOM/Otazio-Reyes, 2022 WL 2135446 (S.D. Fla. May 13, 2022).  As Twitter has supplied no evidence – much less a preponderance of evidence – that the $75,000 threshold is exceeded, the Court should remand this action to state court.   Furthermore, the Court should grant Plaintiff its costs and attorneys' fees incurred as a result of Twitter's improvident removal, as authorized under 28 U.S.C. § 1447(c), because the fatal deficiencies could have been discovered with a bare modicum of legal research, and Twitter never even attempted to confer with Plaintiff regarding the value of the case prior to seeking removal.

## Factual and Procedural Background

Plaintiff initiated this action on January 20, 2023, by filing its Complaint[1] in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  The action asserts a single state-law claim for breach of contract against Twitter.  It alleges that at the behest of Democratic National Committee ("DNC") officials, the company suspended the Twitter accounts of two attorneys while they pursued litigation against the DNC and former DNC chairwoman Debbie Wasserman Schultz on behalf of Bernie Sanders supporters for rigging the 2016 Democratic primaries and after they publicly criticized Vice President Kamala Harris (who was then seeking the Democratic Party presidential nomination), but the company has yet to reinstate them despite Twitter's policy of "general amnesty" announced by CEO Elon Musk on November 24, 2022.  The Complaint alleges the jurisdictional threshold for actions in Florida

---

[1]     The Complaint is attached to Twitter's Notice of Removal as pages 6 to 15 of Exhibit A [D.E. 1-1] and again at pages 9 to 18 of Exhibit B [D.E. 1-2].

state circuit court – "damages and injunctive relief that exceed the value of $50,000.00" – and contains no other information regarding the value of relief sought.  Compl. ¶ 16.

Twitter removed the action to this Court by filing its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on March 9, 2023.

<u>**Legal Standard**</u>

In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.  *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).  Removal is permitted only where the case could have been filed in federal court originally.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff – be it the initial complaint or a later received paper – and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).

On a motion to remand, all questions of fact must be resolved in favor of the plaintiff, and when there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear.  *Miller v. R.J. Reynolds Tobacco Co.*, 502 F. Supp. 2d 1265, 1268 (S.D. Fla. 2007).  A strict construction of the removal statute prevents "exposing the plaintiff to the possibility that they may win a final judgment in federal court, only to have it determined that the court lacked jurisdiction."  *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir.

2001).  *See also Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356–57 (11th Cir. 1996)

("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a

removing defendant must prove by a preponderance of the evidence that the amount in

controversy more likely than not exceeds the [applicable] jurisdictional requirement."), *overruled*

*on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000)).

<u>Analysis</u>

I.    **Twitter Has Failed To Supply Any Evidence, Much Less A Preponderance Of The
      Evidence, That The Amount In Controversy Exceeds $75,000**

The state-court Complaint pleads only the circuit court jurisdictional threshold (damages

and injunctive relief in excess of $50,000) and does not set forth anything further with respect to

the value of relief sought.  In such circumstances, the complaint is considered "indeterminate,"

and "the removing defendant must prove by a **preponderance of the evidence** that the amount

in controversy exceeds the jurisdictional requirement."  *Pretka v. Kolter City Plaza II, Inc.*, 608

F.3d 744, 751-52 (11th Cir. 2010) (emphasis added).  In *Pretka*, the Eleventh Circuit explained

the significance of Defendant's evidentiary burden:

> We concluded in *Lowery* [*v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007)]
> that it would be "impermissible speculation" for a court to hazard a guess
> on the jurisdictional amount in controversy "without the benefit of any
> evidence [on] the value of individual claims." 483 F.3d at 1220; *see also id.*
> at 1214–15 ("If [the defendant's] evidence is insufficient to establish that
> removal was proper or that jurisdiction was present, neither the defendants
> nor the court may speculate in an attempt to make up for the notice's failings.
> The absence of factual allegations pertinent to the existence of jurisdiction
> is dispositive and, in such absence, the existence of jurisdiction should not
> be divined by looking to the stars." (footnote and citation omitted));[.]

*Id.*  at 752.  Here, as discussed below, Twitter has supplied **no evidence**, much less a

preponderance of evidence, to satisfy the Eleventh Circuit's "impermissible speculation"

standard and withstand remand to state court.

A.    **The Civil Cover Sheet Cannot Be Considered Evidence Of The Amount In Controversy Under Precedent From The Florida Supreme Court And This District**

In its Notice of Removal, Twitter relies primarily on the selection of "over $100,000" on the civil cover sheet under "Amount of Claim" filed with the Complaint in state court.  Not. of Removal ¶¶ 8-11.  In *Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752, 2022 WL 2135446 (S.D. Fla. May 13, 2022), the defendant tried to remove another single-count, state-law complaint from Miami-Dade County circuit court, citing the fact that the plaintiff selected "over $100,000" on the civil cover sheet.  *Id.* at *1.  In remanding the case, Judge Bloom noted that "courts have uniformly required additional evidence in conjunction with civil cover sheets." *Id.* at *3.  Her opinion notes that the civil cover sheet itself states that, "[t]he amount of the claim shall not be used for any other purpose" and that the instructions for filling out the form state the "estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose." *Id.* at *2 (quoting Fla. R. Civ. P. Form 1.997) (other citations and internal quotation marks omitted)). *Chase* further explains that in  *In re Amendments to Fla. Rules of Civ. Proc., Fla. Small Claims Rules, & Fla. Rules of App. Proc.-Jurisdiction*, 302 So. 3d 811, 812-13 (Fla. 2020), the Florida Supreme Court expressly held it was amending the civil cover sheet to include the foregoing language precisely in order to prevent its "use[] by the opposing party in the case for tactical reasons." *Chase*, 2022 WL 2135446, at *2.

Judge Bloom's well-reasoned opinion cites three other recent examples of district courts within the Eleventh Circuit rejecting attempts to establish jurisdiction via the civil cover sheet without supporting evidence.  *Chase*, 2022 WL 2135446, at *3 (citing and quoting *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, *3 (M.D. Fla. Dec. 17, 2020); *Durshimer v. LM Gen. Ins. Co*., No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, *2

(M.D. Fla. Sept. 8, 2020); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co*., No.
3:20-CV-1197-J-34JRK, 2020 WL 6273743, *3 n.3 (M.D. Fla. Oct. 26, 2020)).  As one of these
courts stated, "For purposes of determining the amount in controversy, the Court finds the
estimate contained in the civil cover sheet, unaccompanied by any supporting information, to be
analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the
amount in controversy plausibly exceeds $75,000."  *Physicians*, 2020 WL 6273743, at *3 n.3
(citing *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)
(holding that plaintiff's settlement offer of $155,000 was insufficient to defeat remand)).  Indeed,
in this case, Plaintiff has made **no monetary demand** of any kind.  *See* Declaration of Jared
Beck ("J. Beck Decl.") (**Exhibit 1** hereto) ¶¶ 3 & 4 & Exs. A & B.  Plaintiff's pre-suit
communications to Elon Musk's and Twitter's outside counsel at Quinn Emanuel, which went
largely ignored, made no mention of monetary relief at all and simply requested reinstatement of
the two suspended accounts at issue.  *See id.* Ex. A (email correspondence from Jared Beck to
John Quinn dated Oct. 28, 2022); Ex. B (email correspondence from Elizabeth Lee Beck to John
Quinn and Alex Spiro dated Jan. 17, 2023).  The lack of **any** monetary demand by Plaintiff,
much less one which exceeds the jurisdictional threshold, only serves to underscore the paucity
of Twitter's attempt to establish diversity jurisdiction on the basis of the civil cover sheet.  *See
Chase*, 2022 WL 2135446, at *3 n.1.

       **B.**    **The California District Court Cases Cited By Twitter Do Not Aid Its Position**

       Undoubtedly conscious of the detailed and compelling authority aligned against it,
Twitter cites only three California district court opinions in its Notice of Removal in its vain
attempt to establish the amount of controversy by way of the civil cover sheet.  Not. Of Removal
¶ 11.  There are multiple, serious problems with this.

First, there is no reason why this Court would look to cases from courts outside the
Eleventh Circuit to resolve the issue of whether a civil cover sheet filed in Florida state court can
serve as a basis for diversity jurisdiction in the Southern District of Florida.  Indeed, the
California cover sheet lacks all of the critical language limiting use of the claim amount
information to "data collection and clerical processing purposes only."  *See* CM-010 Civil Case
Cover Sheet, *available at* https://www.courts.ca.gov/documents/cm010.pdf  (California Superior
Court civil cover sheet revised as of Sept. 1, 2021).  Plainly, the effect of a Florida state cover
sheet authorized by the Florida Supreme Court on removal to a district court in Florida raises
issues of state concern that require this Court to consult the law of the forum.  *See Sasso v.
Koehler*, 445 F. Supp. 762, 766 (D. Md. 1978) ("Since *Erie*, federal courts in diversity litigation
must decide when matters are of state concern which should be dealt with by state law, and when
they are federal concerns which should be governed by federal law.").

Second, Twitter's statement that its intention to seek transfer of this action to California
under 28 U.S.C. § 1404(a) renders these California cases "determinative" (Not. of Removal ¶ 11
n.1) is simply wrong and illogical.  Critically, Twitter's assumption that the Court can and should
decide a transfer motion and send this action to the Northern District of California prior to ruling
on the instant remand motion is deeply problematic.  "[A] court without subject matter
jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a)."  *Integrated
Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005); *see also
Regenicin, Inc. v. Lonza Walkersville, Inc.*, Case No. 1:13-cv-3596-TCB, 2014 WL 11930591,
*2 (N.D. Ga. May 1, 2014) (district court must first ask itself whether it has subject-matter
jurisdiction when ruling on a § 1404(a) transfer motion).   In fact, regardless of the instant
remand motion, "Federal courts operate under a continuing obligation to inquire into the

7

existence of subject matter jurisdiction whenever it may be lacking." *RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1313 (11th Cir. 2013). "That obligation continues through every stage of a case, **even if no party raises the issue**." *Id.* (emphasis added).

For Twitter to suggest, as it does, that this Court should ignore Plaintiff's motion to remand as well as its own continuing obligation to inquire into subject-matter jurisdiction while transferring the action to California flies in the face of reason and commonsense. Indeed, "[o]nly in rare circumstances should transfer motions be considered before remand motions." *Kamana O'Kala, LLC v. Lite Solar*, Case No. 3:16-CV-1532-PK, 2017 WL 1100568, *4 (D. Or. Feb. 13, 2017) (citation omitted). "Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer." *Id.* (collecting district court opinions from various jurisdictions). The typical "rare circumstances" justifying departure from the rule – *i.e.*, "in multi-district litigation where the 'judicial economy and consistency' of related cases will be aided by transfer of a case within the federal system or where removal jurisdiction was premised on relatedness to bankruptcy proceedings and the pending motion for remand raises 'difficult questions'" – are simply not present here. *Id.* (textual alterations omitted).[2]

Finally, even if the California cases cited by Twitter were relevant to the Court's consideration (which they are not, for the foregoing reasons), they do not support Twitter's practically wholesale reliance on a Florida state civil cover sheet to establish diversity

---

[2]    Unsurprisingly, the lone case cited by Twitter for the proposition that the Court may decide the transfer motion prior to the remand motion is plucked from the context of multidistrict litigation. Not. of Removal ¶ 11 n.1 (citing *Zampa v. JUUL Labs, Inc.*, Case No. 18-25005-Civ-WILLIAMS/TORRES (S.D. Fla. Apr. 23, 2019)).

jurisdiction.  One of those cases found the amount-in-controversy threshold met based on **evidence** and **not the civil cover sheet**, which did not specify a quantity of damages.  *See Cuevas v. Ford Motor Co.*, Case No. CV 22-1520-DMG (MAAx), 2022 WL 1487178 (C.D. Cal. May 11, 2022) (finding subject-matter jurisdiction based on value of vehicle lease agreement). Another of the cases found no diversity jurisdiction where **the complaint** capped the damages at $10,000 and there was **no evidence** that the amount in controversy exceeded $75,000.  *See Deutsche Bank Nat'l Trust Co. v. Cambron*, Case No. C 12-1901-EDL, 2012 WL 1712035 (N.D. Cal. May 15, 2012).  Meanwhile, the third case cited by Twitter involved a pro se action filed in federal court, which the court dismissed on its own motion for lack of subject-matter jurisdiction. *See Mendenhall v. Christensen*, Case No. 16-cv-0232-JSC, 2016 WL 5339710 (N.D. Cal. Sept. 1, 2016).  While the court stated that a **specified amount** of damages demanded in the federal civil cover sheet ($222,684) exceeded the amount-in-controversy minimum, it still found subject-matter jurisdiction lacking due to the citizenships of the parties.  *Id.* at *2.  Moreover, the federal civil cover sheet, like the California civil cover sheet and unlike the Florida civil cover sheet, contains no language strictly limiting the use of claim amount information for data collection and clerical processing purposes.  None of these cases establish that a California district court, unlike a court in this District, may decline to require evidence to prove that the amount-in-controversy threshold is met and should find subject-matter jurisdiction based solely on a Florida state-court civil cover sheet that does not specify the amount of damages.  And in any event, these cases are all irrelevant because Twitter's transfer motion has no bearing on when or how the Court should decide the instant motion to remand, which the Court plainly should consider first so that it may inquire into the existence of subject-matter jurisdiction prior

to potentially taking any action in absence of the necessary jurisdiction, such as a § 1404(a)

transfer.

### C.  Unquantified Allegations Of Injury Do Not Constitute Evidence Supporting Twitter's Burden To Prove The Amount In Controversy Exceeds $75,000 By A Preponderance Of The Evidence

Lastly, the jurisdictional defect cannot be cured by reference to Plaintiff's alleged injuries

unquantified by any dollar figure, in this case, the failure to reinstate two accounts pursuant to

Twitter's general amnesty policy.[3]  *See* Not. of Removal ¶ 12.  The Southern District of Florida

explicitly rejected this tack in *Chase* after dispensing with the defendant's reliance on the civil

cover sheet.  *See Chase*, 2022 WL 2135446, at *3.  Citing *Williams v. Best Buy Co., Inc.*, 269

F.3d 1316 (11th Cir. 2001), *Chase* notes that even a plaintiff's allegations of "extensive injuries"

cannot constitute "meaningful evidence" regarding the amount in controversy in the absence of a

developed record or the ability to assign a dollar figure to the injuries.  *Id.*  Here, there is simply

nothing in the Complaint or Twitter's Notice of Removal that constitutes evidence sufficient to

translate any alleged injuries into a monetary amount.[4]

---

[3]  Twitter mischaracterizes the Complaint when it refers to its "essence" as alleging that

Twitter committed a breach of contract when it suspended the two accounts.  In actuality, the

Complaint asserts that Twitter breached when it neglected to reinstate these accounts after it

announced and implemented a general amnesty policy.

[4]  The lone case cited by Twitter, another unpublished district court order from California,

does not aid its position.  In *Phonedog v. Kravitz*, Case No. C 11-03474 MEJ, 2011 WL 5415612

(N.D. Cal. Nov. 8, 2011), a company sued its ex-employee for misappropriating its Twitter

account.  In its complaint, the company alleged it had incurred $340,000 in damages based on a

II.     **The Court Should Award Plaintiff Its Costs And Attorneys' Fees Incurred As A Result Of The Improvident Removal**

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  As the United States Supreme Court has explained, the removal statute authorizes an award of costs and attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  The decision whether to award fees and costs "must balance the desire of Congress to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Gonzalez v. J.C. Penny Corp.*, 209 Fed. Appx. 867, 869 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140) (quotation marks and citation omitted).

There is no objectively reasonable basis for removal and an award of fees and costs is proper, as a matter of law, "if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal[.]"  *Lott v. Pfizer, Inc.*, 492 F.3d

---

damages model that valued the account at $2.50 per follower on a monthly basis.  *Id.* at *3. Because the ex-employee moved to dismiss for lack of subject-matter jurisdiction based on a facial challenge, the court was required to accept all of the company's factual allegations as true, including the damages model, in resolving the motion.  *Id.* at *2, *5.  Here, by contrast, there is no damages model alleged in Plaintiff's complaint nor is there any type of methodology before the Court that could be used to value Plaintiff's claim for purposes of determining subject-matter jurisdiction.  *Phonedog* is completely inapposite.

789, 793 (7th Cir. 2007).  *See also City of Ft. Lauderdale v. Scott*, Case No. 09-61401-CIV, 2010

WL 680842, *2 (S.D. Fla. Feb. 18, 2010) ("courts have awarded attorneys fees where the lack of

jurisdiction is plain in the law and would have been revealed to counsel for the defendant with a

minimum of research" (internal quotation marks and citation omitted)); *Hai Invs., LLC v. United

Nat'l Ins. Co.*, Case No. 14-24180-CIV-MARTINEZ-GOODMAN, 2015 WL 12778782, *2

(S.D. Fla. Jan. 30, 2015) (awarding costs and fees under § 1444(c) where removing defendant

provided no evidence regarding amount in controversy); *Zachar v. Nw. Mutual Life Ins. Co.*,

Case No. 11-14040-CIV-MARTINEZ-LYNCH, 2011 WL 13225289, *2 (S.D. Fla. June 6, 2011)

(awarding costs and fees under § 1444(c) where removing defendant provided no evidence

regarding amount in controversy and relied on out-of-circuit caselaw in support of removal).

   Here, Plaintiff should be awarded costs and attorneys' fees incurred as a result of

Defendant's removal, which was devoid of any reasonable basis and foreclosed by clearly

established law.  Twitter did not cite a single in-circuit precedent for the notion that a defendant

may substantially rely on a Florida state court civil cover sheet in establishing the amount in

controversy for purposes of diversity jurisdiction without any supporting evidence, and, in fact,

this position is foreclosed by the law of this District.  Upon receipt of Twitter's Notice of

Removal, it took undersigned counsel less than an hour of legal research to find the *Chase*

opinion, which demonstrates the fatal flaws in Twitter's theory of removal.  Thus, a minimum of

research would have revealed this Court's lack of jurisdiction, making an award of fees and costs

to Plaintiff appropriate under § 1447(c).  And at no point before pressing ahead with removal did

Twitter's counsel reach out to Plaintiff to confer regarding the monetary value of Plaintiff's

claim.  J. Beck Decl. ¶ 5.  This failure further militates in favor of ordering fees and costs under

§ 1447(c).  *See Chase*, 2022 WL 2135446, at *4 (court declined to award fees/costs where

evidentiary basis for removal was lacking because defendant attempted to confer with plaintiff regarding value of plaintiff's damages prior to removal).

<u>**Conclusion**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court remand this action to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, grant Plaintiff its attorneys' fees and costs incurred as a result of Defendant's improvident removal, and grant such other relief as may be just and proper.

---

<u>Certification Pursuant to Local Rule 7.1(a)</u>

Undersigned counsel hereby certify that they have conferred with counsel for Defendant Twitter, Inc. in a good faith effort to resolve the issues raised in this motion, and that Defendant opposes the relief sought.

---

DATED: March 28, 2023

RESPECTFULLY SUBMITTED,


_____/s/ Jared H. Beck_____
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
8306 Mills Drive # 248
Miami, Florida 33183
Telephone:     (305) 789-0072
Facsimile:     (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2023, I electronically filed the foregoing

>   *PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS CAUSED BY IMPROVIDENT REMOVAL*

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document(s) are being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jared H. Beck_____
Jared H. Beck