UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:23-cv-20943-KMM MOORE/LOUIS

DON'T TREAD ON US, LLC,

    Plaintiff,

vs.

TWITTER, INC.,

    Defendant.

_____/

**PLAINTIFF DON'T TREAD ON US, LLC'S OPPOSITION TO
DEFENDANT TWITTER, INC.'S MOTION TO TRANSFER**

Plaintiff, DON'T TREAD ON US, LLC ("DTOU" or "Plaintiff"), by and through undersigned counsel, hereby files its Opposition to Defendant Twitter, Inc.'s Motion to Transfer:

**MEMORANDUM OF LAW**

**Introduction**

This action concerns the failure of Defendant, Twitter, Inc. ("Twitter") to reinstate the accounts of two attorneys suspended for engaging in political speech and advocacy, despite announcing a "general amnesty" in November 2022 and reinstating numerous other accounts since that time. The complaint was filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, asserting a single claim for breach of contract.

Twitter removed the action to this Court, and then filed a motion to dismiss and a motion to transfer venue under 28 U.S.C. § 1404(a). Because this Court lacks subject-matter jurisdiction, however, it cannot authorize a venue transfer under § 1404(a). The motion to transfer venue should be denied.

1

## Factual and Procedural Background

Plaintiff initiated this action on January 20, 2023, by filing its Complaint[1] in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. The Complaint asserts a single state-law claim for breach of contract against Twitter. Compl. ¶¶ 20-26. It alleges that Jared Beck and Elizabeth Lee Beck (collectively, "the Becks") are married attorneys who filed suit against the Democratic National Committee ("DNC") and its former chair, congresswoman Debbie Wasserman Schultz, on behalf of Bernie Sanders supporters for rigging the 2016 Democratic primaries in favor of Hillary Clinton. *Id.* ¶ 7; *see also Wilding v. DNC Servs. Corp.*, 941 F.3d 1116 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2828 (2020). The Complaint alleges that the Becks became fierce and outspoken critics of the DNC on social media and in 2019, Twitter permanently suspended both of their accounts in the wake of tweets critical of Vice President Kamala Harris's presidential campaign. Compl. ¶¶ 11-13.

Plaintiff goes on to allege that Harris's former press secretary was a high-level Twitter executive at the time the Becks' accounts were suspended. *Id.* ¶ 12. In October 2022, billionaire Elon Musk purchased Twitter, promising to address concerns that the social media company responsible for hosting the "digital town square" was increasingly suppressing free speech. *Id.* ¶ 1. Internal documents released after Musk's acquisition (the "Twitter Files") exposed intense coordination between Twitter and various government agencies, including the FBI, CIA, and Department of Defense as well as the Democratic Party, to censor discourse on

---

[1] The Complaint is attached to Twitter's Notice of Removal as pages 6 to 15 of Exhibit A [D.E. 1-1] and again at pages 9 to 18 of Exhibit B [D.E. 1-2].

the platform around select public issues including the 2020 presidential election, the Hunter Biden laptop controversy, and COVID-19.  *Id.* ¶ 2.

On November 24, 2022, Twitter announced, through Musk, "a general amnesty to suspended accounts[.]" *Id.* ¶ 1.  To be eligible, a suspended account must "have not broken the law or engaged in egregious spam[.]" *Id.*  The amnesty was scheduled to begin the week of November 28, 2022, and Twitter has reinstated numerous accounts pursuant to the policy.  *Id.* ¶¶ 1, 3.

Despite never having broken the law or engaging in spam – and never having even been accused of doing so by Twitter – the Becks' accounts have not been reinstated.  *Id.* ¶¶ 14-15.  Plaintiff is the assignee of all of the Becks' rights pursuant to their respective contracts with Twitter.  *Id.* ¶ 18.[2]

On March 9, 2023, Twitter removed the action to this Court, claiming diversity jurisdiction.  On March 15, 2023, Twitter filed its Motion to Transfer [D.E. 5] and Motion to Dismiss [D.E. 6].  Plaintiff filed its Motion to Remand Based on Lack of Subject-Matter Jurisdiction and Request for Attorneys' Fees and Costs Caused By Improvident Removal ("Motion to Remand") [D.E. 10] on March 28, 2023.

## Legal Standard

"District courts ask three questions to decide whether transfer is appropriate under § 1404(a)." *Regenicin, Inc. v. Lonza Walkersville, Inc.*, Case No. 1:13-cv-3596-TCB, 2014 WL 11930591, *2 (N.D. Ga. May 1, 2014).  The Motion to Transfer filed by Twitter omits any

---

[2]  While Twitter calls Plaintiff's beliefs about why the Becks' accounts were suspended and not reinstated "misguided" (Motion to Dismiss at 1), it has persistently refused to offer any alternative explanation.

mention of the first of these questions: "First, are venue and subject-matter jurisdiction proper in the transferor court, i.e., the court in which the transfer motion is made. The transferor court needs both in order to transfer under § 1404(a)." *Id.* (footnote omitted).

## Analysis

### Because The Court Lacks Subject-Matter Jurisdiction, The Court Must Deny Twitter's Motion To Transfer As Moot

It is apodictic that a district court must possess subject-matter jurisdiction in order to transfer an action under 28 U.S.C. § 1404(a). *Integrated Health Servs. of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953, 957 (8th Cir. 2005) ("[A] court without subject matter jurisdiction cannot transfer a case to another court under 28 U.S.C. § 1404(a)."); *see also Regenicin*, 2014 WL 11930591, at *2; *Clark v. Frontier Airlines, Inc.*, Case No. 4:17-cv-452-JEG-RAW, 2018 WL 4516000, *9 (S.D. Iowa Aug. 1, 2018) (denying § 1404(a) venue transfer motion as moot where court lacked subject-matter jurisdiction).

Here, there is no subject-matter jurisdiction because Twitter has failed to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, as is necessary for the Court to exercise jurisdiction under 28 U.S.C. § 1332. This is demonstrated and discussed at length in Plaintiff's Motion to Remand, which the Court should resolve before deciding Twitter's Motion to Transfer. *See Kamana O'Kala, LLC v. Lite Solar, Case* No. 3:16-CV-1532-PK, 2017 WL 1100568, *4 (D. Or. Feb. 13, 2017) ("Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer"; collecting district court opinions from various jurisdictions).

Twitter devotes a single paragraph to its brash assertion that, "This action should be transferred before the Court considers any other aspect of this action." Motion to Transfer at 6.

Unsurprisingly, the two citations fail to support its audacious proposition that the Court should send this action to California without considering Plaintiff's Motion to Remand or even assuring itself of its own jurisdiction to transfer under § 1404(a). *See Regenicin*, 2014 WL 11930591, at *2 (district court must first ask itself whether it has subject-matter jurisdiction when ruling on a § 1404(a) transfer motion); *RES-GA Cobblestone, LLC v. Blake Constr. & Dev., LLC*, 718 F.3d 1308, 1313 (11th Cir. 2013) ("Federal courts operate under a **continuing obligation** to inquire into the existence of subject matter jurisdiction whenever it may be lacking. That obligation continues through every stage of a case, **even if no party raises the issue**." (emphasis added)).

Twitter presents the Federal Circuit completely out of context when it quotes from *In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020), where the court's jurisdiction to order a § 1404(a) transfer was not at issue. By the same token, *Zampa v. JUUL Labs, Inc.*, Case No. 18-25005-Civ-WILLIAMS/TORRES, 2019 WL 1777730 (S.D. Fla. Apr. 23, 2019) involved multi-district litigation, one of the narrow exceptions to the rule that motions to remand take priority over motions to transfer venue, neither of which are present in this case. *See Kamana*, 2017 WL 1100568, at *4.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Twitter's Motion to Transfer Venue as moot.

*~signature page follows~*

DATED: March 29, 2023

        RESPECTFULLY SUBMITTED,

        /s/ Jared H. Beck
By: Jared H. Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
8306 Mills Drive # 248
Miami, Florida 33183
Telephone:   (305) 789-0072
Facsimile:   (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2023, I electronically filed the foregoing

*PLAINTIFF DON'T TREAD ON US, LLC'S OPPOSITION TO DEFENDANT TWITTER, INC.'S MOTION TO TRANSFER*

with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document(s) are being served this day on all counsel of record or pro se parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                /s/ Jared H. Beck
                                                                Jared H. Beck