BECK & LEE TRIAL LAWYERS
ELIZABETH LEE BECK (CA Bar No. 233742)
elizabeth@beckandlee.com
8306 Mills Drive, #248
Miami, Florida 33183
Tel:    305-234-2060
Fax:    786-664-3334

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DON'T TREAD ON US, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>    Defendant. | Case No: 4:23-cv-02461-JD<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR STAY PENDING OUTCOME OF MANDAMUS PROCEEDING IN ELEVENTH CIRCUIT COURT OF APPEALS**<br><br>Judge:      Hon. James Donato |

## JUDICIAL ACTION REQUESTED

1.      For the reasons set forth below, Plaintiff, Don't Tread on Us, LLC ("Plaintiff" or "DTOU"), seeks an order staying the proceedings in this Court pending the outcome of Plaintiff's mandamus proceedings in the U.S. Court of Appeals for the Eleventh Circuit directed at the order transferring this action from the Southern District of Florida.

## REASONS SUPPORTING MOTION

2.      On May 19, 2023, the Southern District of Florida issued an order transferring the action to this Court under 28 U.S.C. § 1404(a). The transfer order was implemented the same day.

3.      On May 22, 2023, Plaintiff filed a petition for writ of mandamus in the United States Court of Appeals for the Eleventh Circuit. Petition for Writ of Mandamus, *In re: Don't Tread on Us, LLC*, Case No. 23-11681 (11th Cir. May 22, 2023). In the mandamus proceeding, Plaintiff seeks an order vacating the transfer order as erroneous for failure to establish that there is

federal subject-matter jurisdiction over the action. The mandamus petition further argues that the transfer order erroneously denied Plaintiff's motion to remand the action to Florida state court as "moot." A true and correct copy of the mandamus petition is attached hereto as **Exhibit 1**.

4. In view of the pending mandamus action, Plaintiff requests a stay of proceedings in this Court until the Eleventh Circuit has ruled. *See Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp. v. Sarkisian*, No. 16-cv-05079-PJH, 2016 WL 10859439, *1 (N.D. Cal. July 16, 2018) (staying proceedings pending the Third Circuit's consideration of mandamus petition challenging transfer order). As in *Golden State*, such a limited stay would be an appropriate exercise of the Court's "inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (citation and internal quotation marks omitted).

5. In deciding whether to exercise its discretion to grant a stay, the Court should consider "(1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Golden State*, 2016 WL 10859439, at *1 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

6. As to the first factor, no damage will result from issuance of a stay. This action was filed in January 2023, and the case is still in its infancy, with the pleadings still not closed and no discovery having been taken. No pretrial deadlines or case management orders have issued. *See Golden State*, 2016 WL 10859439, at *2.

7. Second, if the case proceeds while the Eleventh Circuit considers the mandamus petition, there is a potential for prejudice – primarily to Plaintiff, who resides outside this District – should the Eleventh Circuit vacate the order transferring the case. *See Golden State*, 2016 WL 10859439, at *2.

8. As to the third and final factor, there is a strong likelihood that a stay pending the Eleventh Circuit's decision on issues of venue and subject-matter jurisdiction will simplify the

procedural issues in the case and will further the orderly course of justice and provide a substantial economy in judicial and party resources. *See Golden State*, 2016 WL 10859439, at *2.

9. For these reasons, "the issuance of a stay would result in the fairest course for the parties, and would also be more efficient for management of the docket." *Golden State*, 2016 WL 10859439, at *2; *see also Genentech, Inc. v. Sanofi-Aventis Deutschland GMBH*, No. C 08-4909 SI, 2009 WL 1313193, *2 (N.D. Cal. May 12, 2009) (finding it prudent to stay all litigation due to "uncertainty caused by the pending petition for writ of mandamus" before the Federal Circuit challenging order on motion to transfer).

10. In accordance with Civil Local Rule 7-11(a), this motion is accompanied by a Declaration of Elizabeth Lee Beck that explains why a stipulation could not be obtained (**Exhibit 2**), and a proposed order (**Exhibit 3**).

DATED: June 1, 2023

Respectfully submitted,

/s Elizabeth Lee Beck

Counsel for Plaintiff Don't Tread on Us, LLC

3
*Don't Tread on Us, LLC v. Twitter, Inc.*, Case No. 4:23-cv-2461-JD
PLAINTIFF'S ADMINISTRATIVE MOTION FOR STAY