# Exhibit 1

Docket No.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

IN RE: DON'T TREAD ON US, LLC

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
FLORIDA, MIAMI,

Respondent,

TWITTER, INC.,

Respondent and Real Party in Interest.

———————————————————

## **PETITION FOR WRIT OF MANDAMUS**

Jared H. Beck, Esq.
Elizabeth Lee Beck, Esq.
Beck & Lee Trial Lawyers
8306 Mills Drive, #248
Miami, Florida 33183
Tel:   (305) 234-2060
Fax:   (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

Counsel for Petitioner Don't Tread On
Us, LLC

**TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS .................................................C-1

RULE 26.1 DISCLOSURE STATEMENT.........................................................C-2

TABLE OF AUTHORITIES .......................................................................i

I.     INTRODUCTION AND STATEMENT OF RELIEF SOUGHT .................1

II.    ISSUES PRESENTED ........................................................................3

III.   FACTS NECESSARY TO UNDERSTAND THE ISSUES
       PRESENTED BY THE PETITION ................................................4

IV.    REASONS WHY THE WRIT SHOULD ISSUE, INCLUDING THE
       LACK OF OTHER ADEQUATE REMEDIES ............................................5

       A.    The District Court Applied An Incorrect Legal Standard....................7

       B.    The District Court Followed An Improper Procedure .........................8

       C.    The District Court's Denial Of Petitioner's Remand Motion As
             "Moot" Was Clearly Erroneous ..........................................11

       D.    Petitioner Lacks An Adequate Remedy To The District Court's
             Wrongly Entered Transfer Order .......................................13

V.     CONCLUSION.............................................................................14

CERTIFICATE OF COMPLIANCE........................................................14

CERTIFICATE OF SERVICE .............................................................16

## CERTIFICATE OF INTERESTED PERSONS

Beck, Elizabeth Lee,       Counsel for Petitioner Don't Tread on Us, LLC

Beck, Jared H.,            Counsel for Petitioner Don't Tread on Us, LLC

Don't Tread on Us, LLC,    Petitioner

Moore, K. Michael,         United States District Judge

Twitter, Inc.,             Respondent/Real Party in Interest

Webb, Joshua C.,           Counsel for Respondent Twitter, Inc.

X Corp.                    Successor in interest to Respondent

X Holdings Corp.           Parent company of successor in interest to Respondent

X Holdings I, Inc.         Parent company of Respondent

**Signature:** /s/ Jared H. Beck          **Date:** May 22, 2023

## RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, Don't Tread on Us, LLC hereby discloses that it has no parent corporations or publicly held corporation owning 10% or more of its stock.

**Signature:** /s/ Jared H. Beck            **Date:** May 22, 2023

# TABLE OF AUTHORITIES

**Page**

## CASES

*Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020
WL 7396934 (M.D. Fla. Dec. 17, 2020) ......................................................11

*Chase v. Holiday CVS, LLC,* Case No. 22-cv-20752, 2022 WL 2135446
(S.D. Fla. May 13, 2022) ..............................................................................11

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th
Cir. 2001) .......................................................................................................5

*Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997) ...............................................14

*Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL
5366721 (M.D. Fla. Sept. 8, 2020) ...............................................................12

*Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268 (S.D. Fla. 2020) ..............1, 7

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.8 (11th Cir. 1996) ................. 5, 13

*In re Apple Inc.*, 979 F.3d 1332 (Fed. Cir. 2020) ..................................................13

*In re Caesars Ent. Operating Co.*, 588 B.R. 233 (9th Cir. 2018) ........................2, 8

*In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48 (3d Cir.
2018) .............................................................................................................13

*In re Segal*, No. 11-100998-D, 2011 WL 1582517 (11th Cir. Apr. 21,
2021) ......................................................................................................... 5, 13

*Kamana O'Kala, LLC v. Lite Solar, LLC*, No. 3:16-CV-1532-PK, 2017
WL 1100568 (D. Or. Feb. 13, 2017) .............................................................8

*Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, No.
3:20-CV-1197-J-34JRK, 2020 WL 6273743 (M.D. Fla. Oct. 26,
2020) .............................................................................................................12

*Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689
F.2d 982 (11th Cir. 1982) .......................................................................... 5, 13

*Sinochem International Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549
U.S. 422 (2007)...................................................................................... 2, 9, 10

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405 (11th Cir. 1999) ............... 2, 6, 8

*Whitaker v. Monroe Staffing Servs., LLC*, 42 F. 4th 200 (4th Cir. 2022)... 2, 8, 9, 11

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001) ...................... 12, 13

*Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8  (S.D. Fla.
1985) ................................................................................................................1

## STATUTES AND TREATISES

15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure §
3845 (1976)....................................................................................................1

28 U.S.C. § 1404 .................................................................................................7

28 U.S.C. § 1404(a) ..................................................................................... passim

## I.   INTRODUCTION AND STATEMENT OF RELIEF SOUGHT

On May 19, 2023, the district court transferred Petitioner's action to the Northern District of California under 28 U.S.C. § 1404(a) notwithstanding serious doubts regarding the existence of federal subject-matter jurisdiction, as set forth in Petitioner's motion to remand, which the district court summarily denied as "moot" in the transfer order.

The transfer order violates the legal standard governing transfer motions, which requires determination that the transferee court be a court where the action "might have been brought." 28 U.S.C. § 1404(a). The district court failed to apply this standard because it neglected to determine whether there is federal subject-matter jurisdiction over the action, a necessary component of the "might have been brought" prong. *See Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1277 (S.D. Fla. 2020) ("an action 'might have been brought' in any court that **has subject-matter jurisdiction**, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court" (citing *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976) (emphasis added)).

The transfer order also violates the general principle that a district court should assure itself of jurisdiction and decide any pending remand motion prior to deciding a transfer motion. *Whitaker v. Monroe Staffing Servs., LLC*, 42 F. 4th 200, 208 &

- 1 -

n.4 (4th Cir. 2022); *In re Caesars Ent. Operating Co.*, 588 B.R. 233, 237 (9th Cir. 2018).

The transfer order also contravenes the U.S. Supreme Court's opinion in *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007), upon which it mistakenly relies. In *Sinochem*, the Supreme Court held that, "In the mine run of case, jurisdiction will involve no arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum should impel the federal court to dispose of those issues first." *Id.* at 436 (citations, internal quotation marks, and textual alterations omitted). This is plainly a "mine-run case," with no strenuous examination required to determine the lack of federal subject-matter jurisdiction. Furthermore, *Sinochem* reinforces the principle that the transferor court must determine that the transferee court has jurisdiction, even in the rare case where a transfer motion should be prioritized. *Id.* at 429.

> Finally, the transfer order violates this Circuit's clear dictate – what it calls an
>
> unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. . . . Moreover, a federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.

*Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 411 (11th Cir. 1999). Here, the district court never inquired into subject-matter jurisdiction – even though the

determination of federal subject matter jurisdiction is a prerequisite to transferring an action to another federal district court, and even though Petitioner's motion to remand was pending and fully briefed at the time the transfer order was entered.

For these reasons, and as discussed in further detail below, Petitioner requests that mandamus issue directing the district court to vacate the transfer order and to remand the case to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

## II.    ISSUES PRESENTED

1.    Did the district court apply an incorrect legal standard when it failed to determine the existence of federal subject-matter jurisdiction in its order transferring the action?

2.    Did the district court follow improper procedure in prioritizing the motion to transfer venue while setting aside Petitioner's motion to remand, only to never inquire into subject-matter jurisdiction and deny the motion to remand as moot?

3.    Should the action be remanded to Florida state court based on the failure to establish the amount in controversy required for diversity jurisdiction in accordance with prevailing Eleventh Circuit standards?

## III.   FACTS NECESSARY TO UNDERSTAND THE ISSUES PRESENTED BY THE PETITION

Petitioner, Don't Tread Us, LLC ("Petitioner") initiated suit against Respondent and Real Party in Interest, Twitter Inc. ("Twitter") on January 20, 2023, by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  (Appx. 12)[1].  Petitioner's Complaint alleges a single claim for breach of contract based on Twitter's failure to reinstate the accounts of two attorneys after Twitter suspended them for advocating against the Democratic National Committee on behalf of Bernie Sanders supporters. (Appx. 12-21).

The Complaint alleges the jurisdictional threshold for actions in Florida state circuit court – "damages and injunctive relief that exceed the value of $50,000.00" – and contains no other information regarding the value of relief sought. (Appx. 19).

On March 9, 2023, Twitter removed the action to the Southern District of Florida, citing only the "estimated amount of claim" checked off on the state civil

---

[1]     "Appx. __" refers to the relevant page(s) of the Appendix filed concurrently with this petition.

cover sheet and Petitioner's unquantified allegations of injury in the Complaint. (Appx. 1-5).

On March 15, 2023, Twitter filed a motion to transfer venue under 28 U.S.C. § 1404(a), based on a forum-selection clause in the Twitter user agreement. (Appx. 57).

On March 28, 2023, Petitioner filed a motion to remand based on lack of subject-matter jurisdiction (Appx. 102). Petitioner's remand motion was fully briefed on April 18, 2023. (Appx. 167).

On May 19, 2023, without a hearing, the district court issued its order transferring the action to the Northern District of California and denying the motion to remand as "moot." (Appx. 181).

## IV.   REASONS WHY THE WRIT SHOULD ISSUE, INCLUDING THE LACK OF OTHER ADEQUATE REMEDIES

This Circuit has held that transfer orders pursuant to § 1404(a) may be reviewed via writ of mandamus. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.8 (11th Cir. 1996). Where a transfer order is based on an abuse of discretion, a writ can issue to correct it. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 987 (11th Cir. 1982). Under mandamus review of transfer orders, "[a] district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *In re Segal*, No. 11-100998-D, 2011 WL 1582517,

*1(11th Cir. Apr. 21, 2021) (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001) (internal quotation marks omitted)).

Here, the district court applied an incorrect legal standard to Twitter's transfer motion when it failed to assess whether there is federal subject-matter jurisdiction over the action. The correct standard, as articulated in 28 U.S.C. § 1404(a), requires the transferor court to assess whether the transferee court is a court where the action "might have been brought."

The district court also followed improper procedure. Remand motions should be prioritized over transfer motions, except in "rare circumstances" not present here. Indeed, this Circuit has recognized subject-matter jurisdiction to be so paramount as to obligate the district court, *sua sponte*, to examine its existence and remand the case when it is lacking, even when other motions are pending. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409, 411 (11th Cir. 1999). The district court violated both these procedures when it declined to rule on Petitioner's remand motion, granted Twitter's transfer motion without adjudicating subject-matter jurisdiction, and then denied the remand motion as "moot."

Finally, the district court's denial of Petitioner's remand motion as "moot" is clearly erroneous. There is nothing in the transfer order that "moots" the issue of subject-matter jurisdiction raised in the remand motion because subject-matter jurisdiction must be established no matter which federal district court is the venue.

To the contrary, the remand motion should have been granted, and the action remanded to state court, because Twitter, as the removing party, wholly failed to meet its burden to prove that the amount in controversy exceeds $75,000.

As discussed in further detail below, by the standards established in this Circuit, the district court abused its discretion in granting the transfer motion. A writ should issue directing the district court to vacate the transfer order and remand the action to the Eleventh Judicial Circuit and for Miami-Dade County, Florida.

### A.    The District Court Applied An Incorrect Legal Standard

First, the district court applied an incorrect legal standard. While page 2 of the transfer order identifies the proper standard, stating that, "28 U.S.C. § 1404 provides, '[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . .,'" the order makes no conclusion whatsoever concerning whether the Northern District of California is a court where the action "might have been brought." To do so, the district court would have had to consider the issue of subject-matter jurisdiction, *Fruitstone*, 464 F. Supp. 3d at 1277, but the district court avoided the issue of subject-matter jurisdiction altogether. Accordingly, under the plain terms of 28 U.S.C. § 1404(a), the district court applied an incorrect legal standard in its transfer order.

## B.      The District Court Followed An Improper Procedure

The district court also followed an improper procedure.  "Most courts, when faced with concurrent motions to remand and transfer, resolve the motion to remand prior to, and/or to the exclusion of, the motion to transfer." *In re Caesars*, 588 B.R. at 237.  "Only in rare circumstances should transfer motions be considered before remand motions." *Id.*  "Such rare circumstances include multi-district litigation and where 'related to' bankruptcy jurisdiction and removal raise difficult questions." *Id.*; *see also Whitaker v. Monroe Staffing Servs., LLC*, 42 F.4th 200, 208 (4th Cir. 2022) ("the district court should have assured itself of jurisdiction before interpreting and applying the forum selection clause"); *Kamana O'Kala, LLC v. Lite Solar, LLC*, No. 3:16-CV-1532-PK, 2017 WL 1100568, *4 (D. Or. Feb. 13, 2017) (collecting opinions from multiple jurisdictions showing that "proper sequencing" of remand motions and transfer motions entails prioritizing the former except in "rare circumstances").

Moreover, and entirely independent of Petitioner's remand motion, this Circuit recognizes twin obligations on the part of a district court to "inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and to "remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court." *Univ. of S. Ala.*, 168 F.3d at 409, 411.

Had the district court followed proper procedure and prioritized the remand motion or even adjudicated the issue of subject-matter jurisdiction *sua sponte* as this Circuit requires, it necessarily would have addressed the issue of whether there is federal subject-matter jurisdiction over the action.   In the absence of such jurisdiction, it would have had to remand the case.   In the presence of such jurisdiction, it could have proceeded to rule on the transfer motion, but now according to the correct legal standard which directs the transferor court to assess whether the transferee court has subject-matter jurisdiction over the action.  *See Whitaker*, 42 F. 4th at 213 ("§ 1404(a) requires the transferee court to have subject-matter jurisdiction" (Richardson, C.J., concurring)).   In either scenario, following the proper procedure, (*i.e.*, deciding the remand motion first) would have led the district court to apply the correct legal standard to the transfer motion.

Meanwhile, the district court's justification of its improper motion sequencing through reliance on the U.S. Supreme Court's opinion in *Sinochem International Co. Ltd. v. Malaysia International Shipping Corp.*, 549 U.S. 422 (2007) is entirely misplaced.   *Sinochem* neither dispensed with the priority accorded to remand motions, nor did it alter the requirement that § 1404(a) transferee courts have subject-matter jurisdiction over the claims.  To the contrary.  *Sinochem* reaffirmed that "In the mine run of case, jurisdiction will involve no arduous inquiry and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of

forum should impel the federal court to dispose of those issues first." *Id.* at 436 (citations, internal quotation marks, and textual alterations omitted).  However, the transfer order contains zero analysis of why Petitioner's single-count Complaint is not a "mine-run case" obligating the district court to assess subject-matter jurisdiction before any other issue.

Furthermore, while *Sinochem* presented one of the rare exceptions where a district court could properly grant a *forum non conveniens* motion (not a § 1404(a) transfer motion) without ascertaining subject-matter jurisdiction, it cannot be emphasized enough that as part of the *forum non conveniens* analysis, the foreign tribunal was found to have jurisdiction to hear the case.  *Sinochem*, 549 U.S. at 430 ("A federal court has discretion to dismiss a case on the ground of *forum non conveniens* when an alternative forum has jurisdiction to hear [the] case" (internal quotation marks omitted)).   Here, by contrast – and contrary to the plain language of 28 U.S.C. § 1404(a) – the district court made no determination concerning whether the Northern District of California has jurisdiction to hear Petitioner's action as it failed to adjudicate subject-matter jurisdiction.  If anything, *Sinochem* opposes the conclusions reached in the transfer order and demonstrates why the district court employed an incorrect legal procedure while applying an incorrect legal standard to the transfer motion and remand motion.

**C.      The District Court's Denial Of Petitioner's Remand Motion As "Moot" Was Clearly Erroneous**

As for the remand motion, the district court had no basis to deny it as "moot." Whether the action is venued in the Southern District of Florida or Northern District of California, subject-matter jurisdiction must be established over the claim. *Whitaker*, 42 F. 4th at 213.  The denial as moot was clearly erroneous.

Furthermore, it was clearly erroneous to deny the remand motion on any basis. As established in the motion, Twitter's Notice of Removal relied primarily on the selection of "over $100,000" on the civil cover sheet as "estimated amount of claim" filed with the Complaint in state court.  (Appx. 2-3).  However, courts within this Circuit have uniformly rejected attempts to establish subject-matter jurisdiction on the basis of the cover sheet.  *See Chase v. Holiday CVS, LLC,* Case No. 22-cv-20752, 2022 WL 2135446, *1-*3 (S.D. Fla. May 13, 2022) (remanding single-count, state-law complaint from Miami-Dade County where plaintiff selected "over $100,000" on the civil cover sheet; noting that the civil cover sheet itself states that, "[t]he amount of the claim shall not be used for any other purpose" and that the instructions for filling out the form state the "estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose");  *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020); *Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL

5366721, at *2 (M.D. Fla. Sept. 8, 2020); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) ("For purposes of determining the amount in controversy, the Court finds the estimate contained in the civil cover sheet, unaccompanied by any supporting information, to be analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000.").

In its opposition to Petitioner's remand motion, Twitter cited no authority from within this Circuit or otherwise opposing the clear principle that information in the estimated claim amount section of a Florida state-court civil cover sheet cannot be the basis for federal subject-matter jurisdiction. Furthermore, while Twitter alternatively attempted to establish jurisdiction by pointing to the unquantified allegations of injury in the Complaint, that approach was explicitly foreclosed by this Circuit in *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001) (holding that allegations of extensive injury in the Complaint are insufficient to establish $75,000 diversity-jurisdiction threshold where Complaint does not specify an amount of damages).

Twitter put forth no evidence regarding the jurisdictional amount to support its removal. Petitioner put forth evidence that it never demanded a penny from Twitter in its pre-suit correspondence to resolve the dispute or at any other time.

(Appx. 116-17).    Twitter plainly failed to satisfy its well-established burden to prove, by a preponderance of evidence, that federal jurisdiction exists for the claim it removed to the district court.    *Williams*, 269 F.3d at 1319.  The action should be remanded.

> ### D.    Petitioner Lacks An Adequate Remedy To The District Court's Wrongly Entered Transfer Order

Erroneous transfer orders present a lack of adequate remedies because "the possibility of an appeal in the transferee forum following a final judgment . . .  is not an adequate alternative to obtain the relief sought." *In re McGraw-Hill Global Educ. Holdings LLC*, 909 F.3d 48, 56 (3d Cir. 2018) (citations and internal quotation marks omitted); *see also In re Apple Inc.*, 979 F.3d 1332, 1336-37 (Fed. Cir. 2020) (same). Indeed, this Circuit has recognized mandamus as the appropriate vehicle to review an allegedly improper transfer order.  *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094 n.8 (11th Cir. 1996); *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 987 (11th Cir. 1982); *In re Segal*, No. 11-100998-D, 2011 WL 1582517, *1(11th Cir. Apr. 21, 2021).

Without mandamus review, Petitioner will be particularly prejudiced by this particular transfer order, given its summary denial of Petitioner's remand motion as "moot."  Not only is Petitioner now required to litigate the action in a court distant from its chosen forum, but the denial of Petitioner's remand motion means that it is also exposed to the possibility of obtaining a judgment in federal court "only to have

- 13 -

it determined that the court lacked jurisdiction." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (explaining why the removal statute must be strictly construed).

## V.   CONCLUSION

WHEREFORE, for the foregoing reasons, this Court should issue a writ of mandamus to vacate the district court's transfer order, remand Petitioner's action to the state court from whence it came, and grant such other and further relief it deems necessary and proper.

### CERTIFICATE OF COMPLIANCE

1.     This document complies with the word and page limitations set forth in Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 21(a)(2)(C), this document contains 3,035 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word word processing software in Times New Roman typeface, 14-point.

RESPECTFULLY SUBMITTED,

/s/ *Jared H. Beck*
Jared H. Beck, Esq.

- 14 -

Elizabeth Lee Beck, Esq.

Beck & Lee Trial Lawyers

8306 Mills Drive, #248

Miami, Florida 33183

Tel:   (305) 234-2060

Fax:   (786) 664-3334

jared@beckandlee.com

elizabeth@beckandlee.com

Counsel for Petitioner Don't Tread
On Us, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document on this date with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants:

JOSHUA C. WEBB, ESQ.
Hill Ward Henderson
101 E. Kennedy Blvd., Ste. 3700
Tampa, FL 33602

DISTRICT JUDGE K. MICHAEL MOORE
Wilkie D. Ferguson, Jr. U.S. Courthouse
400 N. Miami Ave., Room 13-1
Miami, FL 33128

**Description of Document(s):**

Petition for Writ of Mandamus
Appendix Index
Appendix


**Signature:** /s/ Jared H. Beck          **Date:** May 22, 2023