Joshua C. Webb (Florida Bar No. 051679)
(*pro hac vice* pending)
josh.webb@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33601
Telephone: (813) 221-3900
Facsimile: (813) 221-2900

Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON'T TREAD ON US, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation,<br><br>Defendants. | Case No.: 3:23-CV-02461-JD<br><br>Hon. James Donato<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**<br><br>[Notice of Motion and Motion to Dismiss, and Memorandum of Points & Authorities in Support Thereof; Declaration of Kenneth M. Trujillo-Jamison; and Proposed Order filed concurrently]<br><br>Date: July 13, 2023<br>Time: 10:00 a.m.<br>Ctrm: 11<br><br>Complaint Filed: May 19, 2023 |

## I. INTRODUCTION

Under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendant X Corp., as successor in interest to named defendant Twitter, Inc. ("Twitter") respectfully requests that the Court take judicial notice of, or in the alternative, incorporate by reference, the following documents for purposes of ruling on Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6), filed concurrently:

1. **Exhibit A**, which is a true and correct copy of the archived version of Twitter's User Agreement as it existed when Jared H. Beck's ("Mr. Beck") and Elizabeth Lee Beck's ("Mrs. Beck's") Twitter accounts were allegedly suspended, *available at* https://web.archive.org/web/20190101023403/https://cdn.cms-twdigitalassets.com/content/dam/legal-twitter/site-assets/privacy-policy-new/Privacy-Policy-Terms-of-Service_EN.pdf (last visited June 1, 2023) and attached as Exhibit A to the Declaration of Kenneth M. Trujillo-Jamison in support of Defendant's Request for Judicial Notice. In the Complaint, Plaintiff alleges Mr. and Mrs. Beck 's Twitter accounts were permanently suspended in January 2019, and that they had "contractual relationships with Twitter." Dkt. 1-1 at *12-13 ¶¶ 11, 13; *id.* at *14 ¶ 18.

## II. LEGAL STANDARDS

### a. Judicial Notice

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999, 1001 (9th Cir. 2018). When ruling on a motion to dismiss or on motion for preliminary injunction or a temporary restraining order, a court may consider material that is appropriate for judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Khoja*, 899 F.3d at 998; *Altes v. Bulletproof 60, Inc.*, No. 2:19-cv-04409-ODW (SKx), 2020 WL 902520, at *2 (C.D. Cal. Feb. 25, 2020) (in order denying motion for preliminary injunction, taking judicial notice of, among other documents, a screen capture of a

website); *Woo v. Flagstar Bank, FSB*, No. 2:13-cv-00697-GEB-DAD, 2013 WL 1500450 at *1 n.1 (E.D. Cal. Apr. 10, 2013) (in order denying a motion for temporary restraining order, taking judicial notice of a website)

### b. Incorporation By Reference

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002.  The Court may incorporate a document "if the plaintiff refers extensively to the document or the document forms the basis for the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Under this doctrine, it is not necessary that the Complaint attach the documents or specifically refer to them.

"[A] document may be incorporated even if it is never referenced directly in the Complaint if the claim necessarily depended on the document." *In re Apple Inc. Device Performance Litig.*, 386 F. Supp.3d 1155, 1165 (N.D. Cal 2019); *see also Khoja*, 899 F.3d at 1002-03. This doctrine applies with "equal force to internet pages." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## III.   ARGUMENT

### a.  Exhibit A Meets the Requirements of Fed. R. Evid. 201(b)

Exhibit A, which is an archived copy of publicly available webpages, is properly subject to judicial notice because its contents are not subject to reasonable dispute. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. 2014) (taking judicial notice of webpage screenshot); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-85 (N.D. Cal. 2010) (taking judicial notice of documents obtained from the Internet); *Kinderstart.com, LLC v. Google, Inc.*, No. C 06-2057 JF (RS), 2007 WL 831806, at *21 n.20 (N.D. Cal. Mar. 16, 2007) (taking judicial notice of webpage printout); *Caldwell v. Caldwell*, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006) ("[A]s a general matter, websites and their contents may be proper subjects for judicial notice."); *United States v. Kane*, No. 2:13-cr-250-JAD-VCF, 2013 WL 5797619, at *8 (D. Nev. Oct. 28, 2013) ("Federal Rule of Evidence 201 permit[s] the court to take judicial notice of facts contained in websites."); *see also Juniper Networks, Inc. v. Shipley*,

1  394 F. App'x 713, 2010 WL 3591783, at *1 (Fed. Cir. Sept. 10, 2010) (unpublished) ("[I]t is not uncommon for courts to take judicial notice of factual information found on Internet websites."); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (same principle).

Additionally, courts in the Ninth Circuit routinely take judicial notice of social media platforms' terms of services and policies. *See e.g.*, *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of Twitter's terms of service); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (same); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (same); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Matera v. Google Inc.*, NO. 15-CV-04062-LHK, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (Google's privacy policy was the "proper subject of judicial notice").

That Exhibit A is an "archived webpage[] obtained from the Internet Archive's Wayback Machine does not change the analysis." *Yuksel*, 2022 WL 16748612, at *3 (taking judicial notice of archived webpages using the Wayback Machine). "[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to [Rule 201]." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019); *see also Brown v. Google LLC*, 425 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) ("Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Parziale v. HP, Inc*, No. 5:19-cv-05363-EJD, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) (same conclusion) (collecting cases); *UL LLC v. Space Chariot, Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (quoting *Erickson v. Nebraska. Mach. Co.*, No. 15-cv-01147-JD, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015)) (internal quotation marks omitted).

It is therefore appropriate to take judicial notice of Exhibit A. Fed. R. Evid. 201(b).

### b. Exhibit A Meets the Requirements for Judicial Notice

In the alternative, the Court can and should incorporate Exhibit A under the incorporation-by-reference doctrine.

As explained in Defendant's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6), filed concurrently, Plaintiff's Complaint alleges breach of contract, specifically referencing the "contractual relationships with Twitter" of Twitter users. Dkt. 1-1 at *14 ¶¶ 18, 20-26. Exhibit A is an archived copy of the User Agreement, the only "contractual relationship[]" between Twitter and Mr. and Mrs. Beck. *See* Dkt. 1-1 at *14 ¶1 8; *see also* *14 ¶ 21 ("Both Jared Beck and Elizabeth Lee Beck have valid and enforceable contracts with Twitter."). Moreover, Plaintiff has not "dispute[d[ that Mr. and Mrs. Beck agreed to the User Agreement . . . ." Dkt. 20 at 5.

Accordingly, the Court may incorporate by reference Exhibit A, which reflects that by creating and continuing to use their Twitter accounts, Mr. and Mrs. Beck necessarily agreed to the User Agreement, which expressly granted Twitter the right to suspend their Twitter accounts for any or no reason, and prohibited their purported assignment of rights to Plaintiff.

### IV. CONCLUSION

For these reasons, Twitter respectfully requests this Court take judicial notice of, or in the alternative incorporate by reference, Exhibit A attached to the Webb Declaration, and consider it in deciding Defendant's Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

Dated:  June 2, 2023          By:   */s/ Kenneth M. Trujillo-Jamison*

HILL, WARD & HENDERSON, P.A.
Joshua C. Webb
josh.webb@hwhlaw.com

WILLENKEN LLP
Kenneth M. Trujillo-Jamison
ktrujillo-jamison@willenken.com

*Attorneys for Defendant Twitter, Inc.*