Joshua C. Webb (Florida Bar No. 051679)
(*pro hac vice pending*)
josh.webb@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, Florida 33601
Telephone:  (813) 221-3900
Facsimile:  (813) 221-2900

Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON'T TREAD ON US, LLC, a Florida
limited liability company,

                    Plaintiff,

v.

TWITTER, INC., a Delaware corporation,

                    Defendants.

Case No.: 3:23-CV-02461-JD

Hon. James Donato

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S ADMINISTRATIVE
MOTION TO STAY PENDING
OUTCOME OF MANDAMUS
PROCEEDING IN ELEVENTH CIRCUIT
COURT OF APPEALS (DKT. NO. 29)**

Complaint Filed: May 19, 2023

1   Twitter respectfully sets forth the following reasons in opposition to Plaintiff's

2   "Administrative" Motion to Stay Pending Outcome of Mandamus Proceeding in Eleventh Circuit

3   Court of Appeals (Dkt. No. 29):

4   **I.   <u>INTRODUCTION</u>**

5   Plaintiff's motion is a last-ditch effort to continue its forum-shopping efforts and avoid

6   moving this action towards resolution. The "administrative" motion filed by Plaintiff does not

7   meet the requisite standard for obtaining a stay—Plaintiff has little chance, let alone a substantial

8   likelihood, of obtaining extraordinary relief by writ of mandamus, where the contractual

9   mandatory forum-selection clause designates this Court as the proper forum. The Court should

10  reject Plaintiff's efforts to undermine venue in this Court, especially where Plaintiff had no

11  grounds to oppose transfer of the action. (*See* Dkt. 20 at 5-6.)

12  **II.   <u>LEGAL STANDARD</u>**

13  A party seeking a stay pending a petition for writ of mandamus "'must establish that he is

14  likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief,

15  that the balance of equities tip in his favor, and that a stay is in the public interest.'" *Powertech*

16  *Technology Inc. v. Tessera, Inc.*, 2013 WL 1164966, at *1 (N.D. Cal. March 20, 2013) (quoting

17  *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009)). These are the same factors

18  considered when ruling on a stay pending appeal. *Id.*

19  "An alternative to this standard is the 'substantial questions' test, which requires the

20  moving party to demonstrate 'serious questions going to the merits and a hardship balance that tips

21  sharply towards the plaintiff' along with a 'likelihood of irreparable injury.'" *Powertech*, 2013 WL

22  1164966, at *1; *see also Mehdi v. View, Inc.*, 2022 WL 1082010, at *2 (N.D. Cal. April 11, 2022)

23  (applying same standard).[1]

24  _____

25  [1] In its motion, Plaintiff attempts to advance a different standard, based on the decision in *Golden*
*State Orthopedics, Inc. v. Howmedica Osteonics Corporation*, 2016 WL 10859439 (N.D. Cal.
26  Nov. 23, 2016), which analyzed three factors when ruling on a motion to stay pending a petition
for writ of mandamus: "(1) the possible damage which may result from the granting of a stay; (2)
27  the hardship or inequity which a party may suffering in being required to go forward, and (3) the
orderly course of justice measured in terms of simplifying or complicating of issues, proof, and
28  questions of law which could be expected to result from a stay." *Id.* at *1. Even if this Court

1    Applying the proper standard here, Plaintiff is required to demonstrate a substantial

2  likelihood of success in its petition, or at a minimum, that its petition raises serious questions

3  going to the merits. Where a movant "has not shown that it is likely to succeed on the merits of

4  its mandamus petition and has not raised serious questions going to the merits, the Court need

5  not compare the hardships involved in the granting or denial of the stay or address the balance of

6  equities." *Powertech*, 2013 WL 1164966 at *2.

7  **III.  <u>ARGUMENT</u>**

8    Plaintiff's arguments in the motion do not meet any of the four factors required to

9  demonstrate that Plaintiff is entitled to the stay it seeks.[2] Accordingly, Plaintiff's motion should

10  be denied.

11    **A.    Plaintiff Does Not, and Cannot, Demonstrate a Likelihood of Success**

12    Plaintiff's motion fails to even mention a likelihood of success on its petition for writ of

13  mandamus. The motion should be denied for that reason alone. *Powertech*, 2013 WL 1164966 at

14  *2.

15    The motion likely avoids this point because Plaintiff cannot demonstrate a substantial

16  likelihood of success or that its petition raises serious questions going to the merits. "The remedy

17  of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist.*

18  *Ct. for N. Dist. of Cal., 426 U.S. 394*, 402 (1976) (citations omitted). Indeed, "[o]nly exceptional

19  circumstances amounting to a judicial usurpation of power will justify the invocation of this

20  extraordinary remedy." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). The burden

21  on the petitioner is therefore onerous: a party seeking a writ bears the burden of proving that it

22

23    _____

24  evaluated Plaintiff's request under this standard, it fails for the same reasons articulated in this
    response.

25  [2] Plaintiff also improperly filed its motion as an "administrative" motion under Local Rule 7-11.
    *See Omoregie v. Boardwalk Auto Center, Inc.*, 2008 WL 4792643, at *1 (N.D. Cal. Oct. 31,
26  2008) (noting that "Civil Local Rule 7-11, which is meant to cover requests for relief in
    connection with 'miscellaneous administrative matters'—such as motions to exceed otherwise
27  applicable page limitations or motions to file documents under seal—is not the appropriate
    vehicle by which to request a stay of all litigation proceedings"); *Morgenstein v. AT&T Mobility*
28  *LLC*, 2009 WL 3021177, at *1 (N.D. Cal. Sept. 17, 2009) (same).

1    has no other means of obtaining the relief desired and that the right to issuance of the writ is

2    "clear and indisputable." *Id.* at 35. Importantly, "mandamus relief will 'rarely if ever' be granted

3    directed to transfer orders." *In re Christian,* 403 Fed. Appx. 651, 652 (3d Cir. 2010) (citations

4    omitted); *see also, e.g., In re Segal*, No. 11-10998-D, 2011 WL 1582517 (11th Cir. Apr. 21,

5    2011) (denying mandamus petition challenging district court transfer to contractual forum).

6              Here, Plaintiff seeks a writ of mandamus challenging the Southern District of Florida's

7    well-reasoned order transferring this action to this Court (Dkt. 20, the "Transfer Order"). The

8    Transfer Order relies on Supreme Court authority addressing both the enforceability of forum

9    selection clauses by a motion to transfer under § 1404(a) and a district court's ability to rule on a

10   transfer motion prior to a motion to remand, as well as Plaintiff's lack of material opposition to

11   transfer. *Id.* at *4-6. The Transfer Order also relies on the mandatory forum-selection clause

12   contained in Twitter's User Agreement, which the Southern District of Florida found was "valid

13   and enforceable, and encompasses Plaintiff's claim." *Id.* at 7.

14             Plaintiff's failure to establish that it is likely to succeed in its petition, or alternatively,

15   that its petition raises serious questions going to the merits, is fatal to its motion to stay, and the

16   Court "need not compare the hardships involved in granting or denial of the stay or address the

17   balance of equities." *Powertech*, 2013 WL 1164966 at *2.

18        **B.      Plaintiff Has Not Shown Irreparable Harm**

19             Plaintiff will not suffer irreparable harm absent a stay. Allowing the case to proceed in the

20   Northern District of California affords Plaintiff the same rights and remedies it would have in the

21   Southern District of Florida. The cases Plaintiff relies on in its motion do not compel a contrary

22   conclusion. Unlike here, each of those cases involve situations in which "two cases involving

23   precisely the same issues are simultaneously pending in different District Courts." *Genentech, Inc.*

24   *v. Sanofi-Aventis Deutschland GMBH*, 2009 WL 1313193, at *2 (N.D. Cal. May 12, 2009). Here,

25   there is only one case pending in the "District Courts"—this one—and it is properly pending in

26   the contractually agreed-upon forum for Plaintiff's claim. No irreparable harm can result from

27   litigating this case in this Court.

28

**C.      The Balance of Equities and Public Interest Weigh Against a Stay**

Given Plaintiff's failure to show either a strong likelihood of success on the merits or irreparable harm, much less both, this Court need not consider the remaining two factors. *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) (explaining continuum approach to analyzing factors). Even though this Court need not consider the two remaining factors, both factors favor denial of Plaintiff's motion as well. Indeed, while Plaintiff will not be prejudiced if this case is allowed to proceed, any further delay will substantially injure Twitter and offend the public interest.

With respect to Twitter, it is well-settled that unreasonable—and potentially indefinite—delays of the sort requested here presumptively work an injury to a defendant. *See, e.g.*, *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay creates a presumption of injury to the defense."). "A stay should not be granted unless it appears likely that the other proceeding will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). This is because a "[d]efendant is entitled to a reasonably prompt resolution of the [claims the plaintiff] has alleged against it." *Willington v. Owens-Illinois*, 2005 WL 927454, at *2 (N.D. Cal. Apr. 21, 2005). Here, the Eleventh Circuit has not ordered a response to Plaintiff's petition, and there is no timeline for conclusion of the proceedings in the Eleventh Circuit. In this action, by contrast, last Friday Twitter re-filed its motion to dismiss Plaintiff's complaint with prejudice, noticed for hearing next month, on July 13, 2023. (Dkt. 30.)

Additionally, the "public's interest in the expeditious resolution of litigation" compels the conclusion that this action should proceed. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The Court should not allow for an indefinite stay pending a ruling on Plaintiff's petition. Twitter will be significantly harmed if the requested stay is granted, while Plaintiff will suffer no harm in its absence.

Finally, Plaintiff's requested delay is especially prejudicial in this case in light of Plaintiff's obvious forum-shopping tactics. Plaintiff originally filed its lawsuit in Florida state court despite the parties' contractual mandatory forum-selection clause requiring this lawsuit to be filed in San Francisco County, California. That tactic required Twitter to remove the case to the Southern

1   District of Florida, and thereafter move to transfer to the Northern District of California. With

2   Twitter having already spent significant time and resources to bring this case to the appropriate,

3   contractually agreed forum, it should proceed on the merits without delay. *See Sun v. Advanced*

4   *China Healthcare, Inc.*, 901 F.3d 1081, 1090 (describing "the strong federal policy of enforcing

5   forum-selection clauses.").

6   **IV.   CONCLUSION**

7           For the reasons stated above, Plaintiff's motion should be denied.

8                                                   Respectfully submitted,

9   Dated:  June 5, 2023                           HILL, WARD & HENDERSON, P.A.

10

11                                                  By:   */s/ Joshua C. Webb*
                                                          Joshua C. Webb
12

13                                                  WILLENKEN LLP
14                                                  Kenneth M. Trujillo-Jamison
                                                    ktrujillo-jamison@willenken.com
15
16                                                  *Attorneys for Defendant*
                                                    *Twitter, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION (DKT. NO. 29)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ECF ATTESTATION**

Under Local Rule 5-1(h)(3), I, Kenneth M. Trujillo-Jamison, hereby attest that Joshua C. Webb, the signatory to Defendant's Opposition to Plaintiff's Administrative Motion to Stay Pending Outcome of Mandamus Proceeding in Eleventh Circuit Court of Appeals (Dkt. No. 29), has concurred in its filing.

Dated:  June 5, 2023                                    By:   */s/ Kenneth M. Trujillo-Jamison*
                                                                           Kenneth M. Trujillo-Jamison