**BECK & LEE TRIAL LAWYERS**
ELIZABETH LEE BECK (CA Bar No. 233742)
elizabeth@beckandlee.com
8306 Mills Drive, #248
Miami, Florida 33183
Tel:   305-234-2060
Fax:   786-664-3334

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| DON'T TREAD ON US, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC.,<br><br>Defendant. | Case No: 4:23-cv-02461-JD<br><br>Hon. James Donato<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND BASED ON LACK OF SUBJECT-MATTER JURISDICTION AND REQUEST FOR ATTORNEYS' FEES AND COSTS CAUSED BY IMPROVIDENT REMOVAL**<br><br>Date:   July 27, 2023<br>Time:   10:00 a.m.<br>Ctrm:   11<br><br>Complaint filed May 19, 2023 |

# TABLE ON CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii
NOTICE OF MOTION AND MOTION TO REMAND ............................................................ 1
STATEMENT OF REQUESTED RELIEF ................................................................................. 1
MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1
    I.        INTRODUCTION ........................................................................................................... 1
    II.       FACTUAL AND PROCEDURAL BACKGROUND .................................................. 2
    III.     LEGAL STANDARD ..................................................................................... 4
    IV.     ARGUMENT ................................................................................................... 4
       A.        Twitter Has Failed To Supply Any Evidence, Much Less A Preponderance Of The Evidence, That The Amount In Controversy Exceeds $75,000 ........................................ 4
          1.      The Civil Cover Sheet Cannot Be Considered Evidence Of The Amount In Controversy ............................................................................................................. 5
          2.      The California Cases Cited By Twitter Do Not Aid Its Position ........................... 7
          3.      Unquantified Allegations Of Injury Do Not Constitute Evidence Supporting Twitter's Burden To Prove The Amount In Controversy Exceeds $75,000 By A Preponderance Of The Evidence ............................................................................ 8
   B.        The Court Should Award Plaintiff Its Costs And Attorneys' Fees Incurred As A Result Of The Improper Removal ................................................................................ 9
    V.      CONCLUSION ............................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Balcotra v. Twentieth Century-Fox Film*, 208 F.3d 1102 (9th Cir. 2000) .................................. 10

*Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934 (M.D. Fla. Dec. 17, 2020) ............................................................................................................................ 6

*Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872 (S.D. Cal. 2021) .............................................. 4

*Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752-BLOOM/Otazio-Reyes, 2022 WL 2135446 (S.D. Fla. May 13, 2022) ............................................................................................ passim

*Cuevas v. Ford Motor Co.*, Case No. CV 22-1520-DMG (MAAx), 2022 WL 1487178 (C.D. Cal. May 11, 2022) ...................................................................................................................... 7

*Deutsche Bank Nat'l Trust Co. v. Cambron*, Case No. C 12-1901-EDL, 2012 WL 1712035 (N.D. Cal. May 15, 2012) ........................................................................................................... 7

*Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721 (M.D. Fla. Sept. 8, 2020) ............................................................................................................................. 6

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .................................................................... 4, 5

*Gonzalez v. J.C. Penny Corp.*, 209 Fed. Appx. 867 (11th Cir. 2006) ........................................... 9

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ..................................................... 5

*In re Amendments to Fla. Rules of Civ. Proc., Fla. Small Claims Rules, & Fla. Rules of App. Proc.-Jurisdiction*, 302 So. 3d 811 (Fla. 2020) ......................................................................... 6

*In re: Don't Tread on Us, LLC*, Case No. 23-11681 (11th Cir. May 22, 2023) .......................... 3

*Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ......... 6

*Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007) ......................................................................... 9

*Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) .............................................................. 9

*Mendenhall v. Christensen*, Case No. 16-cv-0232-JSC, 2016 WL 5339710 (N.D. Cal. Sept. 1, 2016) ........................................................................................................................................... 8

*Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) ....................................... 9

*NewCo Capital Group LLC v. Capital Scuba Center LLC*, 598 F. Supp. 3d 864 (N.D. Cal. 2022) ......................................................................................................................................... 10

*Phonedog v. Kravitz*, Case No. C 11-03474 MEJ, 2011 WL 5415612 (N.D. Cal. Nov. 8, 2011) 9

*Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743 (M.D. Fla. Oct. 26, 2020) ........................................................................... 6

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996) ........................................... 4

*Sasso v. Koehler*, 445 F. Supp. 762 (D. Md. 1978) ..................................................................... 7

*Speed v. First Class Capital, LLC*, No. 21-cv-02542-RMI, 2021 WL 2413263 (N.D. Cal. June 14, 2021) ..................................................................................................................................... 5

*Spenger v. Castiloga Mineral Water Co., Inc.*, No. 10-03661-CW, 2010 WL 11639772 (N.D. Cal. Nov. 15, 2010) .................................................................................................................... 9

*Wilding v. DNC Servs. Corp.*, 941 F.3d 1116 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2828 (2020) ......................................................................................................................................... 2

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001) .................................................. 8

**Statutes**

ii

28 U.S.C. § 1332 ............................................................................................................................ 1
28 U.S.C. § 1447 ............................................................................................................ 1, 2, 9, 10

**NOTICE OF MOTION AND MOTION TO REMAND**

PLEASE TAKE NOTICE that, on July 27, 2023, or as soon thereafter as the matter may be heard, in Courtroom 11 of the United States District Court for the Northern District of California, this Motion to Remand Based on Lack of Subject-Matter Jurisdiction and Request for Attorneys' Fees and Costs Based on Improvident Removal ("Motion to Remand") will be heard.  As explained in the Memorandum of Points and Authorities, Plaintiff moves to remand the action based on Twitter's failure to establish the amount of controversy required for federal subject-matter jurisdiction.  This Motion to Remand is based on this Notice of Motion and Memorandum of Points and Authorities provided below; as well as the Declaration of Jared Beck filed concurrently.

**STATEMENT OF REQUESTED RELIEF**

Pursuant to 28 U.S.C. § 1447, Plaintiff requests that this Court remand the action to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and award Plaintiff its costs and attorneys' fees incurred as a result of the removal.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

This action was improperly removed and should therefore be remanded to the Florida state court from whence it came.  Defendant Twitter, Inc.'s ("Twitter's") Notice of Removal [D.E. 1] asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as the lone basis for removal.  However, while diversity-jurisdiction removal requires the defendant to establish an amount in controversy in excess of $75,000, Twitter has wholly failed to satisfy its burden on this critical element.  This is because Twitter relies exclusively on the Florida state civil cover sheet filed with the complaint in conjunction with Plaintiff's unquantified allegations of injury – an approach thoroughly rejected by all courts to have considered the issue.  *See Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752-BLOOM/Otazio-Reyes, 2022 WL 2135446 (S.D. Fla. May 13, 2022).  As Twitter has supplied no evidence – much less a preponderance of evidence – that the $75,000 threshold is exceeded, the Court should remand this action to

1  Florida state court.   Furthermore, the Court should grant Plaintiff its costs and attorneys' fees
2  incurred as a result of Twitter's improper removal, as authorized under 28 U.S.C. § 1447(c),
3  because the fatal deficiencies in its theory of removal could have been discovered with a bare
4  modicum of legal research, and Twitter never even attempted to confer with Plaintiff regarding
5  the value of the case prior to seeking removal.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action on January 20, 2023, by filing its Complaint in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  The Complaint asserts a single state-law claim for breach of contract against Twitter.  Compl. [D.E. 1-1] ¶¶ 20-26.  It alleges that Jared Beck and Elizabeth Lee Beck (collectively, "the Becks") are married attorneys who filed suit against the Democratic National Committee ("DNC") and its former chair, congresswoman Debbie Wasserman Schultz, on behalf of Bernie Sanders supporters for rigging the 2016 Democratic primaries in favor of Hillary Clinton.  Id. ¶ 7; *see also Wilding v. DNC Servs. Corp.*, 941 F.3d 1116 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 2828 (2020).  The Complaint alleges that the Becks became fierce and outspoken critics of the DNC on social media and in 2019, and Twitter permanently suspended both of their accounts in the wake of tweets critical of Vice President Kamala Harris's presidential campaign.  Compl. ¶¶ 11-13.  Plaintiff goes on to allege that Harris's former press secretary was a high-level Twitter executive at the time the Becks' accounts were suspended.  Id. ¶ 12.

In October 2022, billionaire Elon Musk purchased Twitter, promising to address concerns that the social media company responsible for hosting the "digital town square" was increasingly suppressing free speech.  Id. ¶ 1.  Internal documents released after Musk's acquisition (the "Twitter Files") exposed intense coordination between Twitter and various government agencies, including the FBI, CIA, and Department of Defense as well as the Democratic Party, to censor discourse on the platform around select public issues including the 2020 presidential election, the Hunter Biden laptop controversy, and COVID-19.  Id. ¶ 2.

On November 24, 2022, Twitter announced, through Musk, "a general amnesty to suspended accounts[.]" *Id.* ¶ 1 ("November Amnesty Policy").  To be eligible, a suspended account must "have not broken the law or engaged in egregious spam[.]"  *Id.*  The amnesty was scheduled to begin the week of November 28, 2022; Twitter has reinstated numerous accounts pursuant to the policy.  *Id.* ¶¶ 1, 3.

The Becks' accounts meet all the requirements of Twitter's November Amnesty Policy because the Becks never engaged in spam or broke the law.  They have never been accused of either disqualifying activity by Twitter; nonetheless, despite numerous requests made to Twitter's counsel, the Becks' accounts have not been reinstated.  *Id.* ¶¶ 14-15. DTOU is the assignee of all of the Becks' rights pursuant to their respective contracts with Twitter.  *Id.* ¶ 18.

The Complaint alleges the jurisdictional threshold for actions in Florida state circuit court – "damages and injunctive relief that exceed the value of $50,000.00" – and contains no other information regarding the value of relief sought.  Compl. ¶ 16.

On March 9, 2023, Twitter removed the action to the Southern District of Florida, claiming diversity jurisdiction.   On March 15, 2023, Twitter filed a motion to transfer venue [D.E. 5] and motion to dismiss [D.E. 6].

On March 28, 2023, Plaintiff filed a motion to remand based on lack of subject-matter jurisdiction [D.E. 10].

On May 19, 2023, without a hearing, the Southern District of Florida issued an order transferring the action to this Court and denying Defendant's motion to dismiss and Plaintiff's motion to remand as "moot." [D.E. 20].  The order was implemented, and the case transferred to this Court, on the same day.

On May 22, 2023, Plaintiff filed a petition for writ of mandamus in the United States Court of Appeals for the Eleventh Circuit.  *In re: Don't Tread on Us, LLC*, Case No. 23-11681 (11th Cir. May 22, 2023).  In the mandamus proceeding, Plaintiff seeks an order vacating the Southern District of Florida's transfer order as erroneous for failure to establish that there is federal subject-matter jurisdiction over the action.  The mandamus petition further argues that

the transfer order erroneously denied Plaintiff's motion to remand the action to Florida state court as "moot."

On June 1, 2023, Plaintiff moved this Court to stay the action pending the outcome of the mandamus proceeding in the Eleventh Circuit, and lodged a copy of the mandamus petition. [D.E. 29, 29-1].

On June 2, 2023, Twitter filed its second motion to dismiss the Complaint [D.E. 30].

Plaintiff now renews its remand motion, previously denied by the Southern District of Florida as "moot" in its order transferring the action to this Court.

### III.   LEGAL STANDARD

In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The frame of reference for ruling on a motion to remand to state court is the four corners of the operative complaint at the time of removal." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 881 (S.D. Cal. 2021) (citations omitted). "In assessing the propriety of removal, the district court considers the allegations in both the complaint and notice of removal as well as any documents attached." *Id.* at 882 (citations omitted).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citations omitted). There is a "strong presumption" against removal, which means that the removing party always bears the burden of establishing the amount in controversy in diversity jurisdiction cases. *Id.* at 566. Where the amount of damages sought by the plaintiff is unclear, "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67.

### IV.   ARGUMENT

    **A.**   **Twitter Has Failed To Supply Any Evidence, Much Less A Preponderance Of The Evidence, That The Amount In Controversy Exceeds $75,000**

4

The state-court Complaint pleads only the Florida circuit court jurisdictional threshold (damages and injunctive relief in excess of $50,000) and does not set forth anything further with respect to the value of relief sought.  In such circumstances, the amount of damages is considered "unclear." *Gaus*, 980 F.2d at 566-67.  Where, as here, the plaintiff contests the removing defendant's assertion of the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The standard of proof forecloses any approach to determining the amount of controversy that is "impermissibly speculative." *Speed v. First Class Capital, LLC*, No. 21-cv-02542-RMI, 2021 WL 2413263, *3 (N.D. Cal. June 14, 2021).

Here, as discussed below, Twitter has supplied **no evidence** of the amount in controversy, much less a preponderance of evidence, required to withstand remand to state court.

        1.    The Civil Cover Sheet Cannot Be Considered Evidence Of The Amount In Controversy

In its Notice of Removal, Twitter relies primarily on the selection of "over $100,000" on the civil cover sheet under "Amount of Claim" filed with the Complaint in state court.  Not. of Removal ¶¶ 8-11.  In *Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752, 2022 WL 2135446 (S.D. Fla. May 13, 2022), the defendant tried to remove another single-count, state-law complaint from Miami-Dade County circuit court, citing the fact that the plaintiff selected "over $100,000" on the civil cover sheet. *Id.* at *1.  In remanding the case, the district court noted that "courts have uniformly required additional evidence in conjunction with civil cover sheets." *Id.* at *3.  The opinion notes that the civil cover sheet itself states that, "[t]he amount of the claim shall not be used for any other purpose" and that the instructions for filling out the form state the "estimated amount of the claim [in the civil cover sheet] is requested for data collection and clerical processing purposes only" and "shall not be used for any other purpose." *Id.* at *2 (quoting Fla. R. Civ. P. Form 1.997) (other citations and internal quotation marks omitted)).  *Chase* further explains that in *In re Amendments to Fla. Rules of Civ. Proc., Fla.*

*Small Claims Rules, & Fla. Rules of App. Proc.-Jurisdiction*, 302 So. 3d 811, 812-13 (Fla. 2020), the Florida Supreme Court expressly held it was amending the civil cover sheet to include the foregoing language precisely in order to prevent its "use[] by the opposing party in the case for tactical reasons." *Chase*, 2022 WL 2135446, at *2.

*Chase* cites three other recent examples of district courts rejecting attempts to establish jurisdiction via the civil cover sheet without supporting evidence. *Chase*, 2022 WL 2135446, at *3 (citing and quoting *Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-CV-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020); *Durshimer v. LM Gen. Ins. Co.*, No. 8:20-CV-2014-T-33AEP, 2020 WL 5366721, at *2 (M.D. Fla. Sept. 8, 2020); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, No. 3:20-CV-1197-J-34JRK, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020)). As one of these courts stated, "For purposes of determining the amount in controversy, the Court finds the estimate contained in the civil cover sheet, unaccompanied by any supporting information, to be analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate that the amount in controversy plausibly exceeds $75,000." *Physicians*, 2020 WL 6273743, at *3 n.3 (citing *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (holding that plaintiff's settlement offer of $155,000 was insufficient to defeat remand)). Indeed, in this case, Plaintiff has made **no monetary demand** of any kind. *See* Declaration of Jared Beck ("J. Beck Decl.") (**Exhibit 1** hereto) ¶¶ 3 & 4 & Exs. A & B. Plaintiff's pre-suit communications to Elon Musk's and Twitter's outside counsel at Quinn Emanuel, which went largely ignored, made no mention of monetary relief at all, and simply requested reinstatement of the two suspended accounts at issue. *See id.* Ex. A (email correspondence from Jared Beck to John Quinn dated Oct. 28, 2022); Ex. B (email correspondence from Elizabeth Lee Beck to John Quinn and Alex Spiro dated Jan. 17, 2023). The lack of **any** monetary demand by Plaintiff, much less one which exceeds the jurisdictional threshold, only serves to underscore the paucity of Twitter's attempt to establish diversity jurisdiction on the basis of the civil cover sheet. *See Chase*, 2022 WL 2135446, at *3 n.1.

### 2. *The California Cases Cited By Twitter Do Not Aid Its Position*

Undoubtedly conscious of the detailed and compelling authority aligned against it, Twitter cites only three California district court opinions in its Notice of Removal in an attempt to establish the amount of controversy by way of the Florida state civil cover sheet. Not. Of Removal ¶ 11. There are serious problems here.

First, the issue of what if any effect to give a Florida state cover sheet in a removed analysis is plainly controlled by those courts to have considered the issue, which are in Florida. In fact, the California cover sheet lacks all of the critical language limiting use of the claim amount information to "data collection and clerical processing purposes only." *See* CM-010 Civil Case Cover Sheet, *available at* https://www.courts.ca.gov/documents/cm010.pdf (California Superior Court civil cover sheet revised as of Sept. 1, 2021). Clearly, the effect of a Florida state cover sheet authorized by the Florida Supreme Court on removal to a district court in Florida raises issues of state concern that require this Court to consult the *lex fori*. *See Sasso v. Koehler*, 445 F. Supp. 762, 766 (D. Md. 1978) ("Since *Erie*, federal courts in diversity litigation must decide when matters are of state concern which should be dealt with by state law, and when they are federal concerns which should be governed by federal law.").

Furthermore, even if the cases cited by Twitter were relevant to the Court's consideration, they do not support Twitter's practically wholesale reliance on a Florida state civil cover sheet to establish diversity jurisdiction. One of those cases found the amount-in-controversy threshold met based on **evidence** and **not the civil cover sheet**, which did not specify a quantity of damages. *See Cuevas v. Ford Motor Co.*, Case No. CV 22-1520-DMG (MAAx), 2022 WL 1487178 (C.D. Cal. May 11, 2022) (finding subject-matter jurisdiction based on value of vehicle lease agreement). Another of the cases found no diversity jurisdiction where **the complaint** capped the damages at $10,000 and there was **no evidence** that the amount in controversy exceeded $75,000. *See Deutsche Bank Nat'l Trust Co. v. Cambron*, Case No. C 12-1901-EDL, 2012 WL 1712035 (N.D. Cal. May 15, 2012). Meanwhile, the third case cited by Twitter involved a *pro se* action filed in federal court, which

the court dismissed on its own motion for lack of subject-matter jurisdiction.  *See Mendenhall v. Christensen*, Case No. 16-cv-0232-JSC, 2016 WL 5339710 (N.D. Cal. Sept. 1, 2016).  While the court stated that a **specified amount** of damages demanded in the federal civil cover sheet ($222,684) exceeded the amount-in-controversy minimum, it still found subject-matter jurisdiction lacking due to the citizenships of the parties.  *Id.* at *2.  Moreover, the federal civil cover sheet, like the California civil cover sheet and unlike the Florida civil cover sheet, contains no language strictly limiting the use of claim amount information for data collection and clerical processing purposes.  None of these cases establish that a district court may decline to require evidence to prove that the amount-in-controversy threshold is met and should find subject-matter jurisdiction based solely on a Florida state-court civil cover sheet that does not specify the amount of damages.

> 3. *Unquantified Allegations Of Injury Do Not Constitute Evidence Supporting Twitter's Burden To Prove The Amount In Controversy Exceeds $75,000 By A Preponderance Of The Evidence*

Finally, the jurisdictional defect cannot be cured by reference to Plaintiff's alleged injuries unquantified by any dollar figure, in this case, the failure to reinstate two accounts pursuant to Twitter's general amnesty policy.[1]  *See* Not. of Removal ¶ 12.  *Chase* roundly rejected the same tack after dispensing with the defendant's reliance on the Florida civil cover sheet.  *See Chase*, 2022 WL 2135446, at *3.  Citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001), *Chase* notes that even a plaintiff's allegations of "extensive injuries" cannot constitute "meaningful evidence" regarding the amount in controversy in the absence of a developed record or the ability to assign a dollar figure to the injuries.  *Id.*  Here, there is simply nothing in the Complaint or Twitter's Notice of Removal that constitutes evidence

---

[1] Twitter mischaracterizes the Complaint when it refers to its "essence" as alleging that Twitter committed a breach of contract when it suspended the two accounts.  In actuality, the Complaint asserts that Twitter breached when it neglected to reinstate these accounts after it implemented a general amnesty policy.

sufficient to translate any alleged injuries into a monetary amount for purposes of the Court's remand analysis.[2]

### B. The Court Should Award Plaintiff Its Costs And Attorneys' Fees Incurred As A Result Of The Improper Removal.

An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the United States Supreme Court has explained, the removal statute authorizes an award of costs and attorneys' fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The decision whether to award fees and costs "must balance the desire of Congress to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Gonzalez v. J.C. Penny Corp.*, 209 Fed. Appx. 867, 869 (11th Cir. 2006) (quoting *Martin*, 546 U.S. at 140) (quotation marks and citation omitted). There is no objectively reasonable basis for removal and an award of fees and costs is proper, as a matter of law, "if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal[.]" *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). *See also Spenger v. Castiloga Mineral Water Co., Inc.*, No. 10-03661-CW, 2010 WL 11639772, *5 (N.D. Cal. Nov. 15, 2010) ("Attorneys' fees and expenses are appropriate where a defendant's removal petition lacks any reasonable basis in law or fact."); *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)

---

[2] *Phonedog v. Kravitz*, Case No. C 11-03474 MEJ, 2011 WL 5415612 (N.D. Cal. Nov. 8, 2011) does not aid Twitter's position. In *Phonedog*, a company sued its ex-employee for misappropriating its Twitter account. In its complaint, the company alleged it had incurred $340,000 in damages based on a damages model that valued the account at $2.50 per follower on a monthly basis. *Id.* at *3. Because the ex-employee moved to dismiss for lack of subject-matter jurisdiction based on a facial challenge, the court was required to accept all of the company's factual allegations as true, including the damages model, in resolving the motion. *Id.* at *2, *5. Here, by contrast, there is no damages model alleged in Plaintiff's complaint nor is there any type of methodology before the Court that could be used to value Plaintiff's claim for purposes of determining subject-matter jurisdiction. *Phonedog* is completely inapposite.

9

(upholding award of attorney's fees under § 1447(c)'s "wide discretion" where the removal was foreclosed by legal principle "applied in various permutations by different courts"); *Balcotra v. Twentieth Century-Fox Film*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000) ("our case law does permit an award of fees when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law").

Here, Plaintiff should be awarded costs and attorneys' fees incurred as a result of Defendant's improper removal, which was wrong as a matter of law. Twitter did not cite a single precedent for the notion that a defendant may substantially rely on a Florida state court civil cover sheet in establishing the amount in controversy for purposes of diversity jurisdiction without any supporting evidence, and, in fact, this position has been rejected by those courts to have considered the issue. Upon receipt of Twitter's Notice of Removal, it took undersigned counsel less than an hour of legal research to find the *Chase* opinion, which demonstrates the fatal flaws in Twitter's theory of removal. Thus, a minimum of research would have revealed this Court's lack of jurisdiction, making an award of fees and costs to Plaintiff appropriate under § 1447(c). And at no point before pressing ahead with removal did Twitter's counsel reach out to Plaintiff to confer regarding the monetary value of Plaintiff's claim. J. Beck Decl. ¶ 5. This failure further militates in favor of ordering fees and costs under § 1447(c). *See Chase*, 2022 WL 2135446, at *4 (court declined to award fees/costs where evidentiary basis for removal was lacking because defendant attempted to confer with plaintiff regarding value of plaintiff's damages prior to removal).

V.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court remand the action to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *See NewCo Capital Group LLC v. Capital Scuba Center LLC*, 598 F. Supp. 3d 864 (N.D. Cal. 2022) (remanding action to the Supreme Court of New York, Kings County, "the state court from which it was removed").

10
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
CASE NO. 4:23-CV-02461-JD

DATED: June 16, 2023

Respectfully submitted,

/s Elizabeth Lee Beck

Counsel for Plaintiff Don't Tread on Us, LLC