1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DON'T TREAD ON US, LLC,

        Plaintiff,

    v.

TWITTER INC.,

        Defendant.

Case No.  23-cv-02461-JD

**ORDER RE REMAND**

Plaintiff Don't Tread on Us, LLC (DTOU) sued defendant Twitter, Inc., for an alleged breach of contract after Twitter declined to restore its accounts pursuant to an "amnesty" policy. *See* Dkt. No. 1-1 ¶¶ 1, 24.  DTOU originally sued in Florida state court.  Twitter removed the action to a federal court in Florida that subsequently transferred it to this Court.  DTOU asks to remand the case back to Florida state court and for an award of attorney's fees incurred in connection with the removal.  Dkt. No. 35.  The case was removed without jurisdiction, and is remanded to state court.  28 U.S.C. § 1447(c).  The request for fees is denied.

The reason for the remand is straightforward.  Twitter alleged federal subject matter jurisdiction for removal purposes solely on the basis of diversity of citizenship.  *See* Dkt. No. 1 at 2 (citing 28 U.S.C. § 1332(a)).  As the Court stated in a recent remand decision, "[d]iversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000."  *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 WL 2985116 at *1 (N.D. Cal. Apr. 17, 2023) (citing 28 U.S.C. § 1332(a)).  "An out-of-state defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'"  *Id.* (quoting 28 U.S.C. § 1441(a)).  "A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction."  *Id.* (citing 28 U.S.C. § 1447(c)).  There is a "strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see*

*Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014).  "Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined."  *California v. AbbVie, Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

The problem for Twitter is that it has not demonstrated that the case presents an amount in controversy that exceeds the statutory threshold of $75,000.  It is certainly true that a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and does not need evidentiary submissions to that effect.  *Anderson v. Starbucks, Corp.*, 556 F. Supp. 3d 1132, 1136 (N.D. Cal. 2020) (internal quotation and citation omitted).  But nothing in the complaint plausibly establishes that DTOU is seeking damages in excess of $75,000.  The complaint alleges a single claim for breach of contract that DTOU says may "exceed the value of $50,000, exclusive of interest, court costs, and attorneys' fees."  Dkt. No. 1-1 ¶ 16.  That is not enough to cross the statutory line.  *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003)) ("The complaint seeks 'in excess' of $10,000 for economic loss, 'in excess' of $10,000 for emotional distress, and 'in excess' of $10,000 for punitive damages, but how much 'in excess' is not explained.").  Prospective attorney's fees may be counted toward the jurisdictional amount when they are available by statute or contract, *see Anderson*, 556 F. Supp. 3d at 1138, but neither the complaint nor removal notice identifies any grounds for a potential award of fees that might take the amount in controversy above $75,000.

Twitter's main defense of removal is to rely on a civil cover sheet box that DTOU checked stating that its claim was valued at "over $100,000."  Dkt. No. 1 at 3.  But "[i]n determining the amount in controversy, courts first look to the complaint.  Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'"  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  There is no evidence that the $50,000 figure in the complaint was not made in good faith.  In addition, the amount in the box checked on the cover sheet is not supported

United States District Court
Northern District of California

by any facts in the complaint, and so is speculative and implausible for purposes of removal.

Twitter's mention of a lost followers theory is equally speculative. Twitter relies on *PhoneDog v. Kravitz*, No. 11-cv-03474-MEJ, 2011 WL 5415612, at *2 (N.D. Cal. Nov. 8, 2011), for the proposition that a dollar value may be placed on an account's followers and aggregated for purposes of establishing the jurisdictional amount in controversy. Assuming purely for discussion that this approach is valid, which the Court does not decide, Twitter did not present any evidence of valuation for DTOU's accounts or followers, or do any other legwork to substantiate removal on this basis.

The remaining issue is whether DTOU should be awarded the attorney's fees and costs it incurred for the remand proceedings, as it requests. Dkt. No. 35 at 9. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Healy v. FCA US LLC*, No. 20-cv-01802-JD, 2020 WL 3868799 at *3 (N.D. Cal. Jul. 9, 2020) (quoting 28 U.S.C. § 1447(c)) (quotation marks omitted). "The standard for awarding fees turns on the 'reasonableness of the attempted removal.'" *Id.* (quoting *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). "'Absent unusual circumstances,' the Court may award attorney's fees under Section 1447(c) 'where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). "But 'removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Id.* (quoting *Lussier*, 518 F.3d at 1065).

As the record currently stands, the Court cannot say that Twitter's removal petition was so objectively unreasonable as to warrant fees. Consequently, a fee award is denied.

The case is remanded to the Florida state court from which it was removed. All pending motions and deadlines are terminated as moot.

**IT IS SO ORDERED.**

Dated: January 3, 2024

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

3